BELCHER *against* THE HARTFORD BANK:

### IN ERROR.

Where a fund or pledge is placed in the hands of the creditor, as security for a debt, and a surety pays the debt, he is entitled to the benefit of the fund or pledge, as against the principal, as fully as the principal himself had. It is the *debt* that is to be protected; and however it may be modified, or into whose hands it may come, until *that* is paid, the fund or pledge accompanies it, and remains for its redemption.

If the fund or pledge be in the hands of the surety, for his indemnity, the creditor may, if he has no other remedy, compel its appropriation to the payment of the debt.

But if the whole security has been applied to the debt, without extinguishing it, and the surety has been compelled to pay the deficiency, he cannot resort to the creditor for reimbursement or contribution; for this would, so far, defeat the very object for which the security was taken.

THIS was a bill in chancery. The case was as follows.

*Henry Kilbourn* and the firm of *Kilbourn & Wolcott,* of which *Henry Kilbourn* was one, were the makers of several promissory notes made payable at the *Hartford Bank.* They were all indorsed by *Charles Whiting & Co.,* for the accommodation of *Kilbourn.* The plaintiff was a subsequent indorser of three of these notes, which amounted to the sum of 3,500 dollars. All the notes indorsed by *C. Whiting & Co.* were the property of the *Hartford Bank.* Afterwards, *Kilbourn* mortgaged his interest in certain lands described in the plaintiff's bill, to *Charles Whiting,* one of the firm of *C. Whiting & Co.* as security for the indorsement of said notes. This mortgage was made at the solicitation of *Whiting,* and by an arrangement between him and the bank, and was intended by him especially as security to the bank for all the notes held by them, as well the three notes indorsed by the plaintiff, as the others; although *Kilbourn,* when he executed the mortgage, knew nothing of the arrangement between *Whiting* and the bank. *Whiting,* in pursuance of said understanding, assigned the mortgage to the bank. The plaintiff was duly charged, and became liable, as indorser, upon the notes indorsed by him; and has paid the amount of them to the bank; and there remains now due to him from *Kilbourn,* for moneys so paid, the sum of 2857 dollars, 31 cents.

The *Hartford Bank* has foreclosed the mortgage, and has received the whole avails of it, which, however, have proved insufficient to pay the whole debt; but there remains still due of that debt about the sum of 400 dollars.

The object of the plaintiff's bill now, is, to compel the bank to contribute of the avails so received by them, and pay to him of the sum received on the mortgage such proportion as the amount of the money paid by him to the bank bears to the whole sum realized from the mortgage security.

At the term of the superior court at *Hartford*, in *January*, 1843, *Church*, J. presiding, the court found the foregoing facts, and thereupon dismissed the plaintiff's bill. The plaintiff, then, by motion in error, brought the record before this court for revision.

*Hungerford*, for the plaintiff in error, contended, 1. That the mortgage in this case was given, not for the mere personal indemnity of *Charles Whiting*, but for the better protection, and as a fund for the payment, of the debt. *Moses* v. *Murgatroyd*, 1 *Johns. Ch. R.* 119. *Hayes* v. *Ward*, 4 *Johns. Ch. R.* 129. *Homer* & al. v. *Savings Bank of New Haven*, 7 *Conn. Rep.* 478. *New-London Bank* & al. v. *Lee* & al. 11 *Conn. Rep.* 112.

2. That the plaintiff, a surety, comes in as a purchaser, and is entitled to all the remedies, to which the creditor was entitled, except so far forth as they were necessarily extinguished by the payment. *Craythorne* v. *Swinburne*, 14 *Ves.* 160. 162. *Copis* v. *Middleton*, 1 *Turn. & Russ.* 224. *Hodgson* v. *Shaw*, 3 *Mylne & Keene*, 190. & seq. 1 *Sto. Eq.* 477. *sec.* 499. & seq.

3. That upon these and other well settled chancery principles, the surety in this case is entitled to a *pro rata* share of the mortgage, or the proceeds of it. Ex parte *Rushworth*, 10 *Ves.* 409. *Paley* v. *Field*, 12 *Ves.* 435. *Bardwell* & al. v. *Lydall*, 7 *Bing.* 489. (20 *E. C. L.* 213.) *Washington Bank* v. *Shurtleff*, 4 *Metc.* 30.

*Parsons*, for the defendants in error, was stopped by the court.

**Church**, J. There are now certain well settled principles

of equity applicable to funds appropriated to the security of debts, which, the plaintiff supposes, justify his claim to contribution in this case.

1. Where a fund is placed in the hands of a creditor, the surety is entitled to the same benefit as against the principal whose debt he has paid, as the creditor had himself. It is the debt which is to be protected, by the fund or security, first in the hands of the creditor, and ultimately in his hands who has paid it. No matter how it may be modified, or what shape it may have assumed, or into whose hands it may come, until it is paid, the pledge accompanies it, and remains for its redemption. *New-London Bank* & al. v. *Lee* & al. 11 *Conn. R.* 112. *Hodgson* v. *Shaw*, 3 *Myl. & K.* 190. 1 *Sto. Eq.* 592. & seq.

2. If the fund or pledge be in the hands of the surety for his indemnity, the creditor may, if he has no other remedy, compel its appropriation to the payment of the debt. 1 *Eq. Ca. Abr.* 93. (K.) *Moses* v. *Murgatroyd,* 1 *Johns. Ch. R.* 110. *Russell* v. *Clark's* exrs. 7 *Cranch* 69. *Phelps* v. *Thompson,* 2 *Johns. Ch. R.* 418. *Miller* v. *Ord,* 2 *Binn.* 202. 1 *Sto. Eq.* 592.

It seems to us, that the plaintiff misapplies these principles, upon which he relies; and, indeed, that the recognition of this claim would subvert them. The bank, in requiring the plaintiff's indorsement, and also in procuring *Kilbourn's* mortgage, intended only security for itself, to protect itself. In this latter transaction, the plaintiff had no agency : he was a stranger to it. And his equity as indorser or surety was merely collateral, growing out of the acts of the other parties, and can exist only after the whole fund or security, has been first applied to the whole debt due to the bank, and can attach only upon the surplus remaining with the bank, after its entire demand shall be satisfied.

It would have made no difference in this case, if *Whiting* had procured the mortgage from *Kilbourn* for his own indemnity merely; for the bank, after availing itself of the plaintiff's indorsement for that part of the debt secured by the mortgage, had still the right, as we have seen, to compel *Whiting* to appropriate the mortgage in satisfaction of the balance of the debt, unless it had some other adequate remedy for its payment.

*Hartford,*
*June, 1843*

*Belcher*
*v.*
*Hartford Bank.*

The entire debt due to the bank is not yet paid ; and after the appropriation of the whole avails of the mortgage, about the sum of 400 dollars remains due. If therefore, the plaintiff succeeds in this application, the effect will be, to compel the bank to refund a portion of the money it has collected, and which was justly due, and which, by its vigilance, it had secured. And it will be, also, to give back to the indorser a part of the debt, with which he became charged, and which, both legally and equitably, he was bound to pay. If the plaintiff had been sued as indorser of the notes indorsed by him, he could have made no defence at law ; judgment must have passed against him, and the whole amount of the notes have been collected. And we do not see, that, in the absence of fraud or mistake in obtaining such judgment, a court of equity could interfere for his relief. Nor can we now see, that his claim upon the bank can be any better sustained, so long as the bank has failed to collect, in the use of due diligence, the whole amount of its legal demand.

We are of opinion, that there is nothing erroneous in the decree and judgment of the superior court.

In this opinion the other Judges concurred, except WILLIAMS, Ch. J., who gave no opinion, being interested as a stock-holder in the *Hartford Bank.*

Decree affirmed.