STATE OF CONNECTICUT *v.* JOSEPH LONGO, JR.
(11637)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, Js.

86

Argued October 6, 1983—decision released January 17, 1984

*Michael J. Daly III*, with whom were *John D. Mahaney* and *Daniel J. Mahaney*, for the appellant (defendant).

*Catherine J. Capuano*, special assistant state's attorney, with whom were *Edward Ricciardi*, assistant state's attorney, and, on the brief, *Francis M. McDonald*, state's attorney, and *John A. Connelly*, assistant state's attorney, for the appellee (state).

SPEZIALE, C. J. The defendant, Joseph Longo, Jr., brings this appeal from the trial court's order denying his application for youthful offender eligibility. We now hold that such an order is not a final judgment and therefore is not appealable until final adjudication of the underlying charges. Accordingly, we dismiss the appeal sua sponte.

The defendant was charged by substitute information on November 5, 1981, with the crimes of manslaughter in the first degree in violation of General Statutes

§ 53a-55, manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a, and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. On June 9, 1982, the defendant, who was seventeen years old on the date of the alleged crime, filed an application for youthful offender eligibility pursuant to General Statutes § 54-76b.[1] On August 12, 1982, the trial court denied the application, and the defendant appealed.

In Connecticut an appeal is purely a statutory privilege accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. *State* v. *Audet,* 170 Conn. 337, 341–42, 365

---

[1] "[General Statutes] Sec. 54-76b. YOUTHFUL OFFENDERS: DEFINITIONS. For the purpose of sections 54-76b to 54-76n, inclusive, 'youth' means a minor who has reached the age of sixteen years but has not reached the age of eighteen years; and 'youthful offender' means a youth who has committed a crime or crimes which are not class A felonies, who has not previously been convicted of a felony or been previously adjudged a youthful offender, or been afforded a pretrial program for accelerated rehabilitation under section 54-56e, and who is adjudged a youthful offender pursuant to the provisions of said sections. The interstate compact on juveniles, except the provisions of article four thereof, shall apply to youthful offenders to the same extent as to minors below sixteen years of age."

The following statutes are also relevant:

"Sec. 54-76c. MOTION FOR INVESTIGATION OF ELIGIBILITY TO BE ADJUDGED YOUTHFUL OFFENDER. In any case where an information or complaint has been laid charging a defendant with the commission of a crime, and where it appears that the defendant is a youth, upon motion of the defendant, his counsel, the state's attorney or the prosecuting attorney, as the case may be, to the court having jurisdiction that an investigation be made of such defendant for the purpose of determining whether he is eligible to be adjudged a youthful offender, the court shall, but only as to the public, order such information or complaint to be filed as a sealed information or complaint. The court on its own motion may, but only as to the public, order the information or complaint sealed in the case of a youth charged with crime."

"Sec. 54-76d. DETERMINATION BY COURT. (a) If the court grants such motion or if the court on its own motion determines that the defendant should be investigated hereunder and the defendant consents to physical and mental examinations, if deemed necessary, and to investigation and questioning, and to a trial without a jury, should a trial be had, the infor-

A.2d 1082 (1976); *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589 (1948), aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715 (1949). Sections 52-263 and 51-197a of the General Statutes provide that a party who is aggrieved by an order or decision of the trial court may appeal from the court's final judgment. Thus, an order denying youthful offender status is immediately appealable *only* if it is a final judgment.

In *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979), we held that an order denying youthful offender eligibility is an appealable final judgment. Upon reconsideration in light of the test for finality that has since evolved, we overrule *State* v. *Bell* and hold that an order denying youthful offender status is not an appealable final judgment.[2]

---

mation or complaint shall be held in abeyance and no further action shall be taken in connection with such information or complaint until such examinations, investigation and questioning are had of the defendant. Investigations under sections 54-76b to 54-76n, inclusive, shall be made by an adult probation officer. When the information or complaint charges commission of a felony, the adult probation officer shall include in the investigation a summary of any unerased juvenile record of adjudications of the defendant.

"(b) Upon the termination of such examinations, investigation and questioning, the court, in its discretion based on the severity of the crime, which shall also take into consideration whether or not the defendant took advantage of the victim because of the victim's advanced age or physical incapacity, and the results of the examinations, investigation and questioning, shall determine whether such defendant is eligible to be adjudged a youthful offender. If the court determines that the defendant is eligible to be so adjudged, no further action shall be taken on the information or complaint and the defendant shall be required to enter a plea of 'guilty' or 'not guilty' to the charge of being a youthful offender. If the court determines the defendant ineligible to be so adjudged, it shall order the information or complaint to be unsealed and the defendant shall be prosecuted as though the proceeding hereunder had not been had."

[2] Our recent decision in *State* v. *Curcio,* 191 Conn. 27, 463 A.2d 566 (1983), cited *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979), favorably for the proposition that we employ a two part test to determine if an order is an appealable final judgment. *State* v. *Curcio,* supra, 31. To the extent that it recognized such a test, *Bell* was, and still is, an accurate statement of the law. We now overrule only the holding in *Bell* that the denial of youthful offender status is an appealable final judgment.

"The appealable final judgment in a criminal case is ordinarily the imposition of sentence." *State* v. *Seravalli,* 189 Conn. 201, 205, 455 A.2d 852 (1983), quoted in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983); see also *State* v. *Grotton,* 180 Conn. 290, 293, 429 A.2d 871 (1980). Certain interlocutory orders and decisions, however, satisfy the final judgment rule and may be appealed immediately. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 31; *State* v. *Southard,* 191 Conn. 506, 467 A.2d 920 (1983).

The first prong of the *Curcio* test for finality is not satisfied here. In response to the defendant's application the trial court did conduct a hearing concerning the defendant's eligibility for youthful offender status. See General Statutes § 54-76d. But this hearing was not a procedure that could be considered "separate and distinct from the guilt determining process." *State* v. *Curcio,* supra. The hearing to determine youthful offender eligibility is occasioned by the state's filing charges against the accused and determines only the procedures that will be used to adjudicate those charges.

We turn then to the second prong of the *Curcio* test for finality to determine if the trial court's denial of youthful offender status so concluded the rights of the defendant that further proceedings cannot affect them. "A presentence order will be deemed final for purposes of appeal 'only if it involves a claimed right "the legal and practical value of which would be destroyed if it were not vindicated before trial." ' *State* v. *Powell,* 186 Conn. 547, 553, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74

L. Ed. 2d 80 (1982), quoting *United States* v. *Mac-Donald,* 435 U.S. 850, 860, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978)." *State* v. *Curcio,* supra, 33–34.

In *State* v. *Bell* the three judge majority held that "[t]he trial court's determination in the present case denying the defendant's eligibility to be adjudged a youthful offender deprived him of his statutory right to a private hearing with sealed records. See General Statutes §§ 54-76h, 54-76*l*, and 54-76*o*. Subsequent criminal proceedings, no matter what the eventual outcome, cannot regain for the defendant the privacy lost through the denial of his application and consequent public trial. The trial court's determination that the defendant was not eligible to be adjudged a youthful offender is, therefore, a final, appealable judgment." *State* v. *Bell,* supra, 99–100. Two judges dissented on the ground that the trial court's denial of youthful offender status, if erroneous, would not harm the defendant in any way that could not be fully remedied by appropriate appellate relief after conviction. *State* v. *Bell,* supra, 102. (*Loiselle, J.,* dissenting). Therefore, the dissent stated that the denial was not a final judgment and thus not immediately appealable.

We now overrule *State* v. *Bell* and hold that a trial court denial of an application for youthful offender status is not an appealable final judgment under § 52-263. We base this holding on our determination that such an order does not meet the second prong of the *Curcio* test. We do not agree with the dissenters in *Bell,* however, that the defendant's privacy is not irreparably harmed by delaying the appeal and going forward with trial. General Statutes § 54-76h[3] provides that if

---

[3] "[General Statutes] Sec. 54-76h. PROCEEDINGS PRIVATE. SEGREGATION OF DEFENDANT IN PLACE OF DETENTION. All of the proceedings except proceedings on the motion under section 54-76c had under the provisions of sections 54-76b to 54-76n, inclusive, shall be private and shall be conducted in such parts of the courthouse or the building wherein court is

a defendant who has been accorded youthful offender status enters a plea of "not guilty,"[4] the resulting trial must be conducted in private. Furthermore, one accorded youthful offender status who is detained during the court proceedings must be held in segregation from criminal defendants over the age of eighteen. Once the defendant undergoes a public trial or is detained with the general jail population, his privacy cannot be restored by a subsequent private trial or by subsequent segregation detention.

Our decision that the trial court's order is not immediately appealable is founded on a different consideration. In order to satisfy the second prong of the *Curcio* test the defendant must do more than show that the trial court's decision threatens him with irreparable harm. The defendant must show that that decision threatens to abrogate a right that he or she *then* holds. Thus, where a defendant plausibly demonstrates that a trial court order threatens his or her double jeopardy right not to be tried twice for the same offense, the appeal is within our jurisdiction. *State* v. *Moeller,* 178 Conn. 67, 420 A.2d 1153, cert. denied, 444 U.S. 950, 100 S. Ct. 423, 62 L. Ed. 2d 320 (1979). That order is appealable because, at the time of the appeal, the defendant already has an unqualified right to be free from double jeopardy.

---

located as shall be separate and apart from the other parts of the court which are then being held for proceedings pertaining to adults charged with crimes. If such defendant is committed while such examination and investigation is pending, before trial, during trial or after judgment and before sentence, those persons in charge of the place of detention shall segregate such defendant, to the extent of their facilities, from defendants over the age of eighteen years charged with crime."

[4] "[General Statutes] Sec. 54-76e. TRIAL TO DETERMINE YOUTHFUL OFFENDER STATUS. If the defendant enters a plea of 'not guilty' or if the court on its own motion so directs, the defendant shall be tried for the purpose of determining whether he shall be adjudged a youthful offender. The trial shall be held by the court without a jury."

By contrast, no defendant has a right to be accorded youthful offender status. Section 54-76b provides that if the defendant is between the ages of sixteen and eighteen, is charged with a crime other than a class A felony, and has not previously been adjudged a youthful offender or has not been granted accelerated rehabilitation, the defendant has a right *to apply* for youthful offender status. As part of this right of application the trial court must immediately seal the information or complaint and investigate the application, as the court did in this case. But the decision as to whether youthful offender status should be granted is within the trial court's discretion. Unlike the double jeopardy protection, no defendant has a right to the privileges that attend youthful offender status until a court accords the defendant that status. Thus, the rights that this defendant claims to be threatened by the trial court's decision are potential rights to which he is not yet entitled. He cannot, therefore, successfully claim that the trial court's order irreparably deprives him of a right to private trial and segregated confinement. The trial court's order does not meet our test for finality and is therefore not appealable until judgment on the underlying charge is rendered.

We stress that this holding is a narrow one. We hold only that when a statute vests the trial court with discretion to determine if a particular defendant is to be accorded a certain status, the defendant may not invoke the rights that attend the status as a basis for claiming that the court's decision not to confer that status deprives the defendant of protections to which he or she is entitled. For an interlocutory order to be an appealable final judgment it must threaten the preservation of a right that the defendant already holds. The right itself must exist independently of the order from

which the appeal is taken.[5] Where a decision has the effect of not granting a particular right, that decision, even if erroneous, does not threaten the defendant's already existing rights.

We also stress that the distinction is not one of constitutional rights versus statutory rights. If a statute vests all criminal defendants, or a class of defendants, with a right to certain protections, a defendant within that class may appeal immediately a trial court order that plausibly threatens that right irreparably. Again, the dispositive issue is whether the defendant already enjoys a right that the order threatens irreparably. If so, the order may be appealed immediately. If the order merely denies an application for privileged status, thereby foreclosing the rights that attend such a status, it may be appealed only after final judgment.

The appeal is dismissed sua sponte.

In this opinion SHEA and GRILLO, Js., concurred.

PETERS, J. (concurring). I agree with the majority that it is time to reconsider *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979). As I noted in my dissent in *State* v. *Spendolini,* 189 Conn. 92, 97, 454 A.2d 720

---

[5] The dissent misses the point when it implies that our opinion today changes the focus of the finality test so that focus unduly centers on the time at which the particular right accrues rather than on the extent to which denying appellate review harms that right. We do not focus on the time of a right's accrual but on whether a right actually exists for the particular defendant.

In considering the second prong of the *Curcio* test our recent opinions indicate that an order is deemed final for purposes of appeal when it threatens irreparable harm to some existing "statutory or constitutional right" of the appellant. See *State* v. *Curcio,* 191 Conn. 27, 34, 463 A.2d 566 (1983), citing *United States* v. *Ellis,* 646 F.2d 132 (4th Cir. 1981); *State* v. *Seravalli,* 189 Conn. 201, 455 A.2d 852 (1983); *State* v. *Spendolini,* 189 Conn. 92, 454 A.2d 720 (1983). Because the defendant has no statutory or constitutional right to youthful offender status unless he has been adjudicated a youthful offender, an order denying that status does not threaten his existing rights, irreparably or otherwise.

(1982), it is difficult to perceive a viable distinction between an immediate appeal of youthful offender status, which *State* v. *Bell* permitted, and an immediate appeal of accelerated pretrial rehabilitation status, which *State* v. *Spendolini* subsequently prohibited.

In the recent decisions of this court, the concept of final judgment has been given, whenever possible, a narrow rather than an expansive interpretation. See *State* v. *Southard,* 191 Conn. 506, 467 A.2d 920 (1983); *State* v. *Seravalli,* 189 Conn. 201, 209–10, 455 A.2d 852 (1983), as well as the cases cited by the majority. Although I have not always agreed with this interpretation, I believe that in matters of this kind, when the majority opinion has prevailed, it is better for me, having voiced my objection without success, to join the majority for the future. The contours of a final judgment are at best elusive. It is important that criminal proceedings not be diverted from their orderly progress to trial and judgment by holding out to the litigants an invitation to speculate about what interlocutory rulings this court may entertain. Although I was a member of the majority in *State* v. *Bell,* and a dissenter in *State* v. *Spendolini,* I agree that *State* v. *Bell* should now be overruled.

I would like to emphasize the importance of the statement, in the majority opinion, that it is within the competence of the legislature to determine whether disappointed applicants for youthful offender status or accelerated rehabilitation status should be afforded greater rights than they currently enjoy. I take this language to encompass the possibility that the legislature might expressly authorize an immediate appeal, or might restate the rights of applicants for these programs in a more affirmative way. Under the prevailing interpretation of these programs, since they have been deemed to confer no present rights, their administration is vested in the virtually unreviewable discre-

tion of the trial court. If these programs are to have a greater range than we have assigned to them, the legislature must put their amendment on its agenda.

ARTHUR H. HEALEY, J. (dissenting). I do not agree with the reasoning or the result reached by my colleagues in overruling *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574, which was decided in 1979.

Initially, there are important considerations in overruling a precedent which I do not find demonstrated in this case. There can be no doubt that " '[e]xperience can and often does demonstrate that a rule, once believed sound, needs modification to serve justice better. *Ziman* v. *Whitley,* 110 Conn. 108, 114, 147 A. 370 [1929]; *Napier* v. *Peoples Stores Co.,* 98 Conn. 414, 426, 120 A. 295 [1923];' *Herald Publishing Co.* v. *Bill,* [142 Conn. 53, 62, 111 A.2d 4 (1955)]; see also *Funk* v. *United States,* 290 U.S. 371, 54 S. Ct. 212, 78 L. Ed. 369 (1933); *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916) (Cardozo, J.)." *Connecticut Junior Republic* v. *Sharon Hospital,* 188 Conn. 1, 17–18, 448 A.2d 190 (1982). I concede, as I must, that "[i]t is more important that the court should be right upon later and more elaborate consideration of the cases than consistent with previous declarations. Those doctrines only will eventually stand which bear the strictest examination and the test of experience." *Barden* v. *Northern Pacific R. Co.,* 154 U.S. 288, 322, 14 S. Ct. 1030, 38 L. Ed. 992 (1894) (Field, J.). As Justice Frankfurter stated, in changing the position he had taken in an earlier case: "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee* v. *Union Planters National Bank & Trust Co.,* 335 U.S. 595, 600, 69 S. Ct. 290, 93 L. Ed. 259, reh. denied, 336 U.S. 915, 69 S. Ct. 601, 93 L. Ed. 1078 (1949). It is crucial to continue to recognize that "[i]f . . . stare decisis is to continue to serve the cause of stability and certainty in the law—a con-

dition indispensable to any well-ordered system of jurisprudence—a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it. Maltbie, Conn. App. Proc., p. 226. This is especially true when the precedent involved concerns the interpretation or construction of a statute. [Citations omitted.]" *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955); see *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 570, 409 A.2d 1020 (1979).

I do not read in the majority opinion of any injustice raised by the holding in *Bell.* The majority has not pointed to any dissatisfaction, confusion or rejection of its reasoning or holding by the bench, bar or legal scholars, and there has been no finding that it was ill-conceived and, therefore, unworthy of retention. Rather the majority simply asserts that "[u]pon reconsideration in light of the test for finality that has since evolved, we overrule *State* v. *Bell* and hold that an order denying youthful offender status is not an appealable final judgment." Our cases since *Bell,* however, do not support this assertion.

This court has clearly approved of and explicated our holding in *Bell* that a denial of youthful offender status is an appealable final judgment. See, e.g., *State* v. *Curcio,* 191 Conn. 27, 36, 463 A.2d 566 (1983); *State* v. *Spendolini,* 189 Conn. 92, 96, 454 A.2d 720 (1983); *State* v. *Asherman,* 180 Conn. 141, 145–46, 429 A.2d 810 (1980). Like the *Bell* majority, today's majority sensibly recognizes, as it must, that its position denying appealability causes irreparable harm to an accused denied youthful offender status. This indeed conflicts with our very recent announcement in *Curcio* that the second test for finality "focuses not on the proceeding involved, but on the potential harm to the [defendant's] rights." *State* v. *Curcio,* supra, 33. This court aptly expressed its concern of this focus in *Curcio* for

irreparable harm rather than the punctum temporis of the particular right when it said that "[a] presentence order will be deemed final for purposes of appeal 'only if it involves a claimed right "the legal and practical value of which would be destroyed if it were not vindicated before trial." ' *State* v. *Powell,* 186 Conn. 547, 553, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982), quoting *United States* v. *MacDonald,* 435 U.S. 850, 860, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978)." *State* v. *Curcio,* supra, 33–34. Further, in explaining this focal concern, the *Curcio* court took care to explain and reaffirm our holding in *Bell* by stating "in *Bell* the appellant demonstrated a statutory right to be adjudged a youthful offender. We found the privacy rights bestowed by the statute to be in danger of irretrievable loss if the case proceeded through public trial and to final judgment before the appeal's merits were considered. *State* v. *Bell,* supra." *State* v. *Curcio,* supra, 36. See *State* v. *Seravalli,* 189 Conn. 201, 205, 455 A.2d 852 (1983), in which we reiterated "that certain presentence orders or actions by a trial court may be considered final for purposes of appeal 'where the otherwise interlocutory ruling challenged on appeal cannot, if erroneous, later be remedied by suppression of the evidence or reversal of the conviction after trial.' *State* v. *Grotton,* [180 Conn. 290, 293, 429 A.2d 871 (1980)]; *State* v. *Powell,* [186 Conn. 547, 553, 442 A.2d 939, cert. denied sub. nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982)]; see *State* v. *Spendolini,* 189 Conn. 92, 454 A.2d 720 (1983), and cases cited therein." Thus, the majority's assertion, that the evolution of our test for finality since *Bell* requires the overruling of the holding that a denial of youthful offender status is an appealable final judgment, is unsupported by our case law and is not in accord with guiding considerations for overruling an earlier case as set out above. I, therefore, cannot con-

clude that close examination of our cases since *Bell,* reason, experience or wisdom require the overruling of its holding.

As I understand the majority opinion, that focal concern for irreparable harm in the final judgment rule is indeed lessened by today's ruling. I see no ratio decidendi given by the majority on how substantial justice will be served or irreparable harm avoided by today's ruling which effectively forecloses any judicial review looking to achieve the former or to avoid the latter.

Although I would reach the merits of this appeal, any such discussion would serve no useful purpose under the circumstances. Accordingly, I limit this dissent to the jurisdictional question.

Therefore, I dissent.