THE COMMON CONDOMINIUM ASSOCIATIONS,
INC., ET AL. *v.* THE COMMON ASSOCIATES ET AL.
(2625)

BORDEN, SPALLONE and DALY, Js.

Argued June 12—decision released September 17, 1985

*Sperry A. DeCew,* for the appellant (Louis D. Vaccaro).

*James R. Fogarty,* with whom, on the brief, was *Andrew P. Nemiroff,* for the appellees (named defendant et al.).

*Robert F. Moriarty,* for the appellees (defendant SMS Architects et al.).

*Louis D. Blumenfeld,* with whom was *Karen J. Casey,* for the appellees (defendant Sanford O. Hess et al.).

BORDEN, J. This is an action brought in thirteen counts by several condominium unit owners against the sponsors and declarants of the condominium complex, for damages flowing from faulty construction. Louis D. Vaccaro, who is not one of the original plaintiffs, sought to intervene as a plaintiff. The trial court denied his motion to intervene, from which judgment he appeals.[1]

The dispositive issue in this appeal is whether the denial of Vaccaro's motion to intervene is an appealable final judgment. We hold that, because Vaccaro sought permissive intervention and does not make a colorable claim to intervention as a matter of right, the denial of his motion was not an appealable final judgment, and that, therefore, his appeal must be dismissed.

The plaintiffs sued, seeking not only individual relief but class certification. After the denial of successive motions by the plaintiffs for class certification, Vaccaro sought to intervene, representing in his motion that he is the former owner of two condominium units and the current owner of one, "which ownerships resulted in damage to him." His proposed complaint in thirteen counts, attached to his motion to intervene, is essentially identical to the plaintiffs' complaint already filed. After he filed this appeal, the defendants moved to dismiss the appeal on the ground of lack of a final judg-

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

ment. We denied the motion. At oral argument, the defendants renewed the claim, which we now find persuasive.

The issue of whether the denial of a motion to intervene is a final appealable judgment first surfaced in our body of final judgment jurisprudence in *Jones* v. *Ricker*, 172 Conn. 572, 375 A.2d 1034 (1977). Although dismissing the appeal on the unrelated ground of mootness, the court suggested in a footnote that appealability of a trial court's action on a motion to intervene depended on "whether a person had an absolute right to intervene or whether intervention was a matter within the trial court's discretion." Id., 575 n.3.

Then, in *Ricard* v. *Stanadyne, Inc.*, 181 Conn. 321, 322 n.1, 435 A.2d 352 (1980), the court, in ruling on an appeal from the denial of a motion to intervene in the trial court, stated: "Because the [appellant] at the very least had a colorable claim to intervention as a matter of right, the denial of its motion to intervene was appealable. See *Jones* v. *Ricker*, 172 Conn. 572, 575n, 375 A.2d 1034 (1977)."

Finally, in *Horton* v. *Meskill*, 187 Conn. 187, 445 A.2d 579 (1982), the court was confronted with appeals by three municipalities from the trial court's denial of their motions to intervene in the second phase of the public school funding litigation. The court took the occasion to delineate the boundaries between intervention of right and permissive intervention, pursuant to Practice Book §§ 99 and 100. An applicant has a right to intervene when his "interest is of such a direct and immediate character that the applicant ' "will either gain or lose by the direct legal operation and effect of the judgment." ' " *Horton* v. *Meskill*, supra, 195. Permissive intervention, which is entrusted to the trial court's discretion, depends on a balancing of factors, and the court's determination will only be disturbed for

an abuse of discretion. Id., 197. In *Horton* v. *Meskill,* the court did not address the issue of appealability. It decided that the appellants did not have a right to intervene, and that the trial court did not err in denying permissive intervention. Nonetheless, because the court reached the merits of the intervention claim on appeal, the decision must fairly be read consistently with *Ricard* v. *Stanadyne, Inc.,* supra, as a sub silentio determination that the appellants had raised a colorable claim to intervention as a matter of right. *Horton* v. *Meskill,* supra, 191–96.

We read this trilogy of precedents as standing for the proposition that an unsuccessful applicant for intervention in the trial court does not have a final judgment from which to appeal unless he can make a colorable claim to intervention as a matter of right. If he does make such a colorable claim, on appeal the court has jurisdiction to adjudicate both his claim to intervention as a matter of right and to permissive intervention. This reading is consistent with the by now classic definition of the appealability of an otherwise interlocutory order: "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). The second prong of this test, which is the only one arguably implicated by a ruling on a motion to intervene; see *State* v. *Parker,* 194 Conn. 650, 653–55, 485 A.2d 139 (1984); has been further refined: "The [party] must show that [the court's] decision threatens to abrogate a right that he or she *then* holds." (Emphasis in original.) *State* v. *Longo,* 192 Conn. 85, 91, 469 A.2d 1220 (1984). "The right itself must exist independently of the order from which the appeal is taken." (Footnote omitted.) Id., 92–93; see also *In re Juvenile Appeal (85-AB),* 195 Conn. 303, 307–308, 488 A.2d 778 (1985).

Only if a person has a colorable claim to intervention as a matter of right can it be said that the denial of his right to intervene is final for purposes of appeal. In that case, his right to intervene must be able to be vindicated by an interlocutory appeal; otherwise, by definition the rights he holds with respect to the other litigants will be either sustained or lost by direct legal operation of the judgment in the case in which he seeks to intervene. *Horton* v. *Meskill, supra,* 195. If his claim to intervention rests on permissive grounds, however, further proceedings can affect his rights with respect to the other litigants in the case; he can, if his motion to intervene is denied, still vindicate those rights by bringing his own independent action.

In this case, Vaccaro makes no colorable claim to intervention as a matter of right. Indeed, he concedes as much in his brief. He states that "in the case before this court, the moving intervenor has distinct rights which will not be reached if intervention is denied," and "the interests of the moving intervenor closely tract [sic] the considerations outlined in *Horton* v. *Meskill, supra,* at 197." The reference to *Horton* v. *Meskill, supra,* is to the section of the opinion headed "PERMISSIVE INTERVENTION." We discern no basis, either in his motion to intervene in the trial court or in the record before this court, for a colorable claim to intervention as a matter of right. We therefore have no jurisdiction to adjudicate Vaccaro's claim for permissive intervention, and conclude that his appeal is not properly before us.

The appeal is dismissed.

In this opinion the other judges concurred.