# MARIAN MISIURKA *v.* MAPLE HILL FARMS, INC., ET AL.
## (5616)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 3—decision released August 2, 1988

*Zigniew S. Rozbicki,* with whom was *Albert Vasco,* for the appellant (plaintiff).

*Scott Wilson Williams,* for the appellee (intervening plaintiff).

*Thomas P. Barrett,* for the appellees (defendants).

O'CONNELL, J. The plaintiff appeals from the trial court's granting of the intervening plaintiff's motion for apportionment of a judgment. The plaintiff's employer intervened in the plaintiff's personal injury action in order to recover monies it paid the plaintiff under the Workers' Compensation Act, General Statutes §§ 31-291 through 31-355a. The plaintiff claims the trial court erred (1) in denying the plaintiff's motion to dismiss the intervening complaint as untimely filed, (2) in granting the intervening plaintiff's motion for apportionment of the stipulated judgment, and (3) in failing to award interest on the judgment from the date the judgment was rendered, rather than from two days after the motion for apportionment was decided. We find error in part.

The following facts are pertinent to the resolution of this appeal. On May 7, 1982, the plaintiff was injured in a work related accident for which he received workers' compensation benefits. On May 5, 1984, he brought suit against the defendants alleging that their negligence was the cause of his injuries. On May 7, 1984, the plaintiff gave written notice of this lawsuit to his employer's workers' compensation insurance carrier but at no time gave written notice to his employer. The employer's motion to intervene in the plaintiff's lawsuit was granted on October 30, 1984. The plaintiff's motion to dismiss the intervening complaint on the

ground that it was filed beyond the thirty day time limit established by General Statutes § 31-293[1] was denied, and the case went to trial.

On October 3, 1986, as a result of an oral stipulation between the plaintiff and the defendants, judgment was rendered in favor of the plaintiff in the amount of $130,000. The intervening plaintiff's counsel was absent from the courtroom, with the court's permission, when the stipulation was presented to the court and judgment was rendered thereon.

On October 6, 1986, the intervening plaintiff filed a motion to apportion the judgment between itself and the plaintiff, pursuant to General Statutes § 31-293.[2] The court granted the motion on October 27, 1986, and apportioned the judgment so that the plaintiff would receive $94,334.40 and the intervening plaintiff, $35,665.60. At the same time, the court ordered that interest commence accrual two days later.

I

The plaintiff first claims that the trial court erred in denying his motion to dismiss the intervening complaint as untimely. He argues that because the intervening complaint was not filed within thirty days of receipt

[1] The pertinent part of General Statutes § 31-293 provides: "If either such employee . . . brings such action against such third person, he shall forthwith notify [his employer] in writing . . . of such fact and of the name of the court to which the writ is returnable, and [his employer] *may join as a party plaintiff in such action within thirty days after such notification,* and, if [his employer] fails to join as a party plaintiff, his right of action against such third person shall abate." (Emphasis added.)

[2] The pertinent part of General Statutes § 31-293 provides: "If such employer and employee join as parties plaintiff in such action and any damages are recovered, *such damages shall be so apportioned* that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorney's fees, incurred by the employee in effecting such recovery." (Emphasis added.)

of notice of the suit by the intervening plaintiff's workers' compensation insurer, the employer lost his right to intervene pursuant to General Statutes § 31-293.[3]

The precise matter at issue is whether notice to an employer's insurance carrier constitutes notice to the employer, for purposes of General Statutes § 31-293. We hold that it does not.

We recognize that it is the policy of the courts to liberally construe the workers' compensation act in order to further its general purpose; *Kulis* v. *Moll*, 172 Conn. 104, 109, 374 A.2d 133 (1976); and the general purpose of the act "is to compensate the worker for injuries arising out of and in the course of employment without regard to fault . . . ." *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 97, 491 A.2d 368 (1985). Applying strict rules of statutory construction in the present case is compatible with the general purpose of the act, and despite otherwise liberal construction of the act, our Supreme Court has strictly interpreted its notice requirements. See, e.g., *Simmons* v. *Holcomb*, 98 Conn. 770, 777, 120 A. 510 (1923).

The statute does not provide that notice may be served on the employer's insurance carrier in lieu of serving notice on an employer. " 'Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential.' " *Police Department* v. *Giordano*, 3 Conn. App. 450, 452, 488 A.2d 1293 (1985), quoting *Norwalk* v. *Van Dyke*, 33 Conn. Sup. 661, 664, 366 A.2d 554 (1976). "[Section 31-293] is plain and unambiguous, leaving no room for construction. Accordingly, we cannot by construction read into this statute a provision . . . not clearly mandated therein. . . . [Section 31-293] must be applied as its words direct." *Lerman* v. *Levine*, 14 Conn. App. 402, 409, 541 A.2d 523 (1988).

---

[3] See footnote 1, supra.

Failure to notify an employer of pending litigation pursuant to General Statutes § 31-293 allows an employer to enter the action at any point in the proceedings. See *Lakewood Metal Products, Inc.* v. *Capital Machine & Switch Co.,* 154 Conn. 708, 710, 226 A.2d 392 (1967). Because, in the present case, the intervening employer was not properly notified of the action against the third party tortfeasor, the trial court properly denied the plaintiff's motion to dismiss the employer's complaint.

## II

The plaintiff next claims the trial court erred in granting the intervening plaintiff's motion for apportionment. We decline to review this claim, as it was not properly preserved for appellate review. The plaintiff failed to state distinctly the reasons for his objection to the trial court, thereby denying the trial court an opportunity to re-examine its ruling at a time when it could still be modified and any defect cured.[4] We will not promote a " 'Kafkaesque academic test' by which [a trial judge] 'may be determined on appeal to have failed because of questions never asked of him or issues never clearly presented to him.' " *Zeller* v. *Mark,* 14

---

[4] The trial court colloquy regarding the objection was as follows:

"[Plaintiff's Counsel]: Your Honor, with regard to the comments made by [counsel for the defendant], I agree to hold any amounts in dispute in escrow and there's no question about that. I'm willing to place those funds in escrow that are disputed but as far as the motion is concerned, the motion isn't proper for what its worth and I'm objecting to the motion that's been filed.

"The Court: Why is it improper?

"[Plaintiff's Counsel]: Well, it's just improper, your Honor.

"The Court: In what way is it improper?

"[Plaintiff's Counsel]: Well, it's a motion for apportionment of settlement.

"The Court: That's right.

"[Plaintiff's Counsel]: In accordance with 31-293."

We note that General Statutes § 31-293 expressly provides for apportionment of third party recoveries for the purpose of reimbursing workers' compensation payments made by employers.

Conn. App. 651, 654 n.4, 542 A.2d 752 (1988), quoting *State* v. *Cosby,* 6 Conn. App. 164, 174, 504 A.2d 1071 (1986). The plaintiff's failure to distinctly set forth the reasons for his objection at trial also deprived this court of an adequate record of the grounds for appealing this particular claim of error. See *Keating* v. *Glass Container Corporation,* 197 Conn. 428, 431, 497 A.2d 763 (1985).

## III

The plaintiff's final claim of error is that the trial court erred in ordering interest to begin accrual two days after its decision on the apportionment motion, rather than from the date judgment was rendered. We agree.

General Statutes § 37-3b is dispositive of this claim. It provides in pertinent part that "[f]or a cause of action arising on or after October 1, 1981, interest at the rate of ten percent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, *computed from the date of judgment."* (Emphasis added.) Pursuant to this statute, the trial court was not required to award postjudgment interest,[5] but, upon determining that interest was appropriate, the court had no discretion to start its accrual from any time other than the date of judgment. " ' "It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Hurlburt* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36 [1967]; *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70 [1952]. Where

---

[5] This is a change from General Statutes § 52-349 which made interest an automatic incident of a judgment. Section 52-349 was repealed on July 14, 1983.

the legislative intent is clear there is no room for statutory construction." ' " *Johnson* v. *Manson,* 196 Conn. 309, 314, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986).

There is error in part, the judgment is set aside as to the award of interest and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.