### ELDRIDGE McCLENDON *v.* PAUL SOOS
### (7265)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 11—decision released June 13, 1989

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant (Shelby Mutual Insurance Company).

*Ernest L. Josem,* for the appellee (plaintiff).

*Michael J. Dorney,* for the defendant.

DUPONT, C. J. This is an action brought by the plaintiff for damages for personal injuries sustained as a result of an automobile accident. Shelby Mutual Insurance Company (Shelby) sought to intervene in the action as a plaintiff pursuant to General Statutes § 31-293. The trial court denied the motion to intervene as untimely.

The dispositive issue in this appeal is whether the denial of Shelby's motion to intervene is an appealable final judgment.[1] We hold that the denial of Shelby's motion to intervene was not an appealable final judgment, and that the appeal must therefore be dismissed.

The relevant facts are not in dispute. On April 28, 1987, the plaintiff sustained personal injuries as a result of an automobile accident. The accident occurred while the plaintiff was operating a motor vehicle in the course of his employment with Wilson Motors, Inc. Because the plaintiff's injuries arose out of and in the course of his employment, the plaintiff's employer, Wilson Motors, Inc., became obligated to pay, and in fact paid, workers' compensation benefits to the plaintiff.

In June, 1987, the plaintiff commenced the present negligence action against the defendant, the owner and operator of the vehicle that collided with the plaintiff's vehicle. In accordance with the provisions of General

[1] This case was formerly subject to this court's own motion to have counsel appear and show cause why the appeal should not be dismissed for lack of a final judgment. The matter was marked "off," however, and the parties were directed to address the final judgment issue in their briefs.

Statutes § 31-293, the plaintiff notified his employer by letter, dated August 27, 1987, and sent by certified mail, that he had instituted the present action.

On April 22, 1988, Shelby, the employer's insurance carrier, moved to intervene in the plaintiff's action pursuant to § 31-293. The plaintiff objected to Shelby's motion to intervene, claiming (1) that the motion had not been filed within thirty days of notification as required by § 31-293, and (2) that § 31-293 provides that only an employer, rather than the employer's insurance carrier, may intervene.[2]

The test for whether the denial of a motion to intervene is a final appealable judgment is succinctly stated in *Common Condominium Assns., Inc.* v. *Common Associates,* 5 Conn. App. 288, 291, 497 A.2d 780 (1985). An unsuccessful applicant for intervention does not have a final judgment from which to appeal unless he can make "a colorable claim to intervention as a matter of right." Id.; see also *Rodia* v. *Tesco Corporation,* 11 Conn. App. 391, 393, 527 A.2d 721 (1987). If the proposed intervenor does make such a claim, "on appeal the court has jurisdiction to adjudicate . . . his claim to intervention . . . ." *Common Condominium Assns., Inc.* v. *Common Associates,* supra, 291. The test for determining whether the denial of a motion to intervene is appealable is consistent with the test for determining the appealability of other otherwise interlocutory orders. Id. An order or action is appealable where it (1) "terminates a separate and distinct proceeding, or (2) . . . so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

The second prong of *Curcio* is the only one arguably implicated by a ruling on a motion to intervene. "The

[2] See General Statutes § 31-275 (6) for the definition of "employer" under the Workers' Compensation Act.

[applicant] must show that [the court's] decision threatens to abrogate a right that he or she *then* holds." (Emphasis in original.) *State* v. *Longo,* 192 Conn. 85, 91, 469 A.2d 1220 (1984). "The right itself must exist independently of the order from which the appeal is taken." Id., 92–93.

Shelby's claim for intervention must fail because it can make no colorable claim to intervention as a matter of right. The "right" in this case is claimed to be provided by § 31-293, which provides that "any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against [the tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to [an] injured employee. If . . . such employee . . . brings such an action against such third person, he shall . . . notify the [employer], in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and [the employer] may join as a party plaintiff in such action within thirty days after such notification, and, if [the employer] fails to join as a party plaintiff, his right of action against such third person shall abate." Accordingly, once statutory notice has been given by the employee to the employer,[3] the employer has thirty days to intervene or his "right of action against such third person shall abate."

---

[3] Shelby concedes that the plaintiff's letter of August 27, 1987, complied with and contained the information required by General Statutes § 31-293. It argues, however, that the minimum notice provided by the statute is "manifestly insufficient to comply with procedural due process." Shelby admits in its brief that it, as the employer's insurance carrier, is not entitled to notice under § 31-293, citing *Misiurka* v. *Maple Hill Farms, Inc.,* 15 Conn. App. 381, 384–85, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). Since Shelby has no right to any notice at all, it cannot claim that § 31-293 is insufficient to satisfy the minimum standards of due process.

In *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 489, 528 A.2d 826 (1987), our Supreme Court, sub silentio, reaffirmed *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 322 n.1, 435 A.2d 352 (1980), for the proposition that an employer has a colorable claim to intervention as a matter of right under § 31-293.

Shelby is not, however, an employer within the meaning of § 31-293. When a cause of action has been created by statute, strict rules of statutory construction apply. See *Misiurka* v. *Maple Hill Farms, Inc.,* 15 Conn. 381, 384, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). In *Misiurka,* we held that notice to an employer's insurance carrier did not constitute notice to the employer for purposes of § 31-293. Accordingly, it follows that an insurance carrier does not constitute an employer for purposes of intervention within the meaning of § 31-293.

The appeal is dismissed.

In this opinion the other judges concurred.