[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO INTERVENE
CT Page 3214
The plaintiff, Rita Wissink, was an employee of The English Rose, Ltd. (English Rose), when she sustained injuries as the result of the alleged negligence of the defendants, Dr. Isaac Goodrich and the Neurosurgical Associates of New Haven, P.C. Wissink received worker's compensation benefits from English Rose for her injuries. In addition to being an employee of English Rose, Wissink was also the president and director of the corporation. (English Rose's Reply Memorandum, Exhibit A.)
On October 1, 1993, English Rose was dissolved. Subsequent to the dissolution, the defunct English Rose retained, among other things, the right to defend worker's compensation claims. Such rights of the corporation are exercised by the law firm of Trotta, Trotta Trotta.
On October 20, 1993, Wissink commenced an action against the defendants. On November 12, 1993, Wissink sent notice of the action by certified letter to English Rose's worker's compensation carrier, Florist Mutual. On March 18, 1994, Wissink sent a second letter, also giving notice of the suit, to the former address of English Rose. This second letter was returned to the sender.
On October 20, 1994, English Rose filed a motion to intervene as a co-plaintiff and to file an intervening complaint. On October 31, 1994, Wissink filed an objection to English Rose's motion to intervene, and on December 6, 1994, the defendants also filed an objection to the motion. On December 19, 1994, Wissink filed a memorandum in support of her objection; on January 9, 1995, the defendants filed a supplemental brief with exhibits in support of their objection; on January 9, 1995, Wissink filed a supplemental memorandum in support of her objection; and on January 13, 1995, English Rose filed a reply to the objections of Wissink and the defendants. English Rose's reply contained the following exhibits: a copy of English Rose's Organization and First Biennial Report (Exhibit A); and a copy of English Rose's certificate of dissolution (Exhibit B).
"Intervention, pursuant to the Worker's Compensation Act, is controlled specifically and solely by § 31-293(a)." Johndrowv. State, 24 Conn. App. 719, 720-21 (1991). General Statutes § 31-293(a) states in relevant part that "[i]f either the CT Page 3215 employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as party plaintiff, his right of action against the third party shall abate." General Statutes § 31-321
provides for the manner in which notice is to be given under the Worker's Compensation Act and states in relevant part that "unless the circumstances of the case . . . direct otherwise, any notice required under this chapter to be served upon an employer . . . shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last-known residence or place of business." "Failure to notify an employer of pending litigation pursuant to General Statutes § 31-293 allows an employer to enter the action at any point in the proceedings."Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381, 385
(1988).
Wissink claims that notice of the pending suit was given both on November 12, 1993 to English Rose's insurance carrier, and on March 18, 1994, when a letter was left at English Rose's former place of business. The November 12, 1994 letter, sent directly to English Rose's insurer, did not comply with General Statutes § 31-293(a), which requires notice to be sent to the employer. "An insurance carrier does not constitute an employer for the purposes of intervention within the meaning of General Statutes § 31-293." Johndrow v. State, supra, 24 Conn. App. 721. General Statutes § 31-293 "does not provide that notice may be served on the employer's insurance carrier in lieu of serving notice on an employer. Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential." (Internal quotation marks omitted.) Misiurka v. Maple Hill Farms, Inc., supra, 15 Conn. App. 384.
In determining whether the letter sent by Wissink on March 18, 1994, constituted sufficient notice pursuant to § 31-293, the surrounding circumstances of the case must be taken into account. "Any motion for intervention, whether permissive or of right, must be timely . . . . The timeliness of a motion for intervention, however, must be judged by all of the circumstances of the case." (Citation omitted.) Horton v. Meskill, 187 Conn. 187,193 (1982). CT Page 3216
Seemingly, Wissink complied with § 31-293 by sending the certified letter to English Rose's business address. However, as president and director of English Rose, Wissink should have been aware that English Rose had been dissolved and that it was no longer at the address to which she sent the certified letter. Additionally, Wissink, because of her unique relationship to the defunct corporation, was aware, or should have been aware, that the rights of English Rose were being exercised by its legal representative, Trotta, Trotta Trotta.
General Statutes § 31-275 of the Worker's Compensation Act defines "employer" as including "the legal representative of any such employer." Therefore, English Rose's legal representative, Trotta, Trotta Trotta, was the proper "employer" for purposes of affording notice of Wissink's pending suit. Thus, by sending the certified letter to the former business address of English Rose, as opposed to English Rose's legal representative, Wissink did not comply with § 31-321, which requires that the notice be served at the last known
residence or place of business.
Accordingly, the court finds that Wissink has failed to give proper notice to English Rose of her pending suit; English Rose's right to intervene has not abated; and its motion to intervene is granted.
Martin, J.