[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS INTERVENING COMPLAINTS
The plaintiff, Anna Smaga, the administratrix of the Estate of Richard Smaga, alleges that on December 10, 1992 her husband was killed during the course of his employment with the defendant, Avery Abrasives, Inc., while he was replacing a ballast in overhead florescent light. The plaintiff alleges that the defendant knew that injury or death was substantially certain to result from the actions it directed the plaintiff's decedent to perform. Pursuant General Statutes § 31-293, Avery Abrasive, Inc. and the Second Injury Fund moved to intervene as co-plaintiffs in order to recover sums paid, or which they will become obligated to pay, under the Worker's Compensation Act. The motions to intervene were granted and the defendant has now filed a Motion to Dismiss the intervening complaints claiming that the intervening plaintiffs lack standing to assert the claims alleged.
Section 31-293 provides in pertinent part: "(a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in aperson other than an employer who has complied with therequirements of subsection (b) of § 31-284, a legal liability to pay damages for the injury, the injured employee may claim compensation under the provision of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against such person, but the injured employee may proceed at law against such person to recover damages for the injury; and any employer or the custodianof the Second Injury Fund, having paid, or having becomeobligated to pay, compensation under the provisions of thischapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the CT Page 4240 others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate. In any case in which an employee brings an action against a partyother than an employer who failed to comply with the requirementsof subsection (b) of § 31-284, in accordance with theprovisions of this section, and the employer is a party defendantin the action, the employer may join as a party plaintiff in theaction. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. . . . Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provision of this chapter has been sustained under circumstances creating in a person other than an employer who has complied withthe requirements of subsection(b) of § 31-284, a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation insurance carrier or the Second Injury Fund pursuant to the provision of this chapter, the employer,insurance carrier or Second Injury Fund shall have a lien upon any judgment received by the employee from the party, provided the employer, insurance carrier or Second Injury Funds shall give written notice of the lien to the party prior to such judgment or settlement." (Emphasis supplied)
The parties claim that a motion to dismiss is not an appropriate procedure to assert the right to intervene. The present matter involves the issue of standing to intervene. Accordingly, a motion to dismiss is an appropriate vehicle to make that challenge. Gohnderow v. State of Connecticut,24 Conn. App. 17, 19 (1991).
The defendant claims, in its Motion to Dismiss, that the provisions of § 31-293 permit intervention only against "a person other than an employer who has not complied with the requirements of (subsection B)of § 31-284." The defendant then asserts that the defendant does not come within that definition and therefore, by the plain language of the statute, the intervening plaintiffs are not allowed the right of intervention.
The present action is based upon an exception to the CT Page 4241 exclusivity of the workers' compensation act pursuant to a claim of an intentional tort committed by the employer in accordance with such cases as an accordance with Suarez v. Dickmond PlasticCorp., 229 Conn. 99 (1994). The intervening plaintiffs assert that the right of reimbursement and the public policy against double recovery require that the intervening plaintiffs be allowed to maintain the actions.
The right to reimbursement did not exist at common law and is governed by the provisions of General Statutes § 31-293.Skitromo v. Meridan Yellow Cab Co., 204 Conn. 485. 489 (1987). "When a cause of action has been created by statute, strict rules of statutory construction apply." McClendon v. Sos,18 Conn. App. 614, 618 (1989).
The statutes relating to the Second Injury Fund are remedial in nature. Izzo v. Meridan-Wallingford Hospital, 237 Conn. 259,269 (1996). General Statutes § 31-352 provides for the right for intervention on behalf of the Second Injury Fund and provides that the "Treasurer is authorized to bring an action, or join in an action as provided by said section, (i.e. § 31-293) when he has paid, or by award has become obligated to pay, compensation out of the fund."
General Statutes § 31-293, allowing for intervention, and providing for a lien, appears to have a double edge benefit; 1) double recovery is prevented; 2) reimbursement of proceeds paid to an injured employee maybe reimbursed provided the requirement of the statute are followed. The exclusivity provisions of the Workers' Compensation Act are related to the rights of intervention provided by § 31-293. The court's decision inSuarez, allowing a suit against an employer as an exception for intentional torts as exception to the exclusivity provisions of the statute, also requires an interpretation of § 31-293 so as to provide the right of intervention, and/or the existence of a lien to preserve the rights to reimbursement envisioned by § 31-293 which was written in light of then existing exclusivity provisions.
Accordingly, the motions to dismiss are hereby denied.
BY THE COURT,
RUSH, J. CT Page 4242