[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ATRICULATION AS TO DISMISSAL OF INTERVENING COMPLAINT
The plaintiff, Raymond Kwalek, filed an action for personal injuries against K.W. Griffin, Inc. (Griffin), and Juan Arcos on November 7, 1997. The plaintiff alleges that Arcos, an employee of Griffin, struck the plaintiff while operating a fork lift vehicle, resulting in serious injuries to the plaintiff. At the time of the injury, the plaintiff had a policy of "Group Independent Contractors Work Accident Insurance" coverage issued by Protective Insurance Company. As a result of injuries sustained by the plaintiff, Protective Insurance Company paid the plaintiff disability and medical benefits pursuant to the policy.
Protective Insurance Company filed an intervening complaint claiming that, pursuant to the insurance policy, they are subrogated to any and all rights of recovery which the plaintiff has against the defendant for amounts paid or to be paid under the policy.
The plaintiff moved to dismiss Protective Insurance Company's intervening complaint arguing that Protective Insurance Company is not an employer for purposes of intervention within the meaning General Statutes § 31-293 and therefore has no standing to intervene. Protective Insurance Company objected. The court, however, granted the motion to dismiss on May 17, 1999. Protective Insurance Company now requests articulation of the court's rationale.
"Intervention, pursuant to the Workers' Compensation Act, is controlled specifically and solely by § 31-293 (a). See, e.g., Skitromo v.Meriden Yellow Cab Co., 204 Conn. 485, 528 A.2d 826 (1987); Ricard v.Stanadyne, Inc., 181 Conn. 321, 435 A.2d 352 (1980); McClendon v. Soos,18 Conn. App. 614, 559 A.2d 1163 (1989); Misiurka v. Maple Hill Farms,Inc., 15 Conn. App. 381, 544 A.2d 673, cert. denied, 209 Conn. 813,550 A.2d 1083 (1988); Police Department v. Giordano, 3 Conn. App. 450,488 A.2d 1293 (1985); Norwalk v. Van Dyke, 33 Conn. Sup. 661, 366 A.2d 554, cert. denied, 172 Conn. 681, 364 A.2d 864 (1976). That statute provides that "any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against [the tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to [an] injured employee. If . . . such employee . . . brings such an action against such third person, he shall . . . notify the [employer], in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and [the employer] may join as a CT Page 8481 party plaintiff in such action within thirty days after such notification, and, if [the employer] fails to join as a party plaintiff, his right of action against such third person shall abate.' General Statutes § 31-293 (a)." Johndrow v. State, 24 Conn. App. 719,720-21, 591 A.2d 815 (1991).
"An insurance carrier does not constitute an employer for the purposes of intervention within the meaning of General Statutes § 31-293.McClendon v. Soos, supra, [18 Conn. App.] 618." Johndrow v. State, supra, 24 Conn. App. 721. Accordingly, Protective Insurance Company does not constitute an employer under § 31-293 and does not have a right to intervene in this action. See id., 721 (affirming trial court's dismissal of employer's insurer's intervening complaint on grounds insurer is not an employer under § 31-293 and never had a right to intervene). The court therefore granted the plaintiff's motion to dismiss.
The Court
 By ___________________ Nadeau, J.