POLICE DEPARTMENT OF THE CITY OF ANSONIA
*v.* SALVATORE GIORDANO
(2467)

DUPONT, C.P.J., SPALLONE, and DALY, Js.

Submitted on briefs January 17—decision released March 26, 1985

*Kevin J. Maher* filed a brief for the appellant (plaintiff).

*Barbara J. Sheedy* filed a brief for the appellee (defendant).

DALY, J. The plaintiff instituted a subrogation action to recover for injuries sustained by one of its police officers. From the granting of the defendant's motion to dismiss, the plaintiff has appealed.

By a complaint dated January 11, 1983, the plaintiff alleges that it was the employer of Officer Daniel G. Carr, who, on or about November 12, 1981, while investigating a motor vehicle accident, was assaulted by the defendant. The plaintiff claims that it has been obligated to expend certain sums on behalf of Carr under the terms of the Workers' Compensation Act and is attempting to recover for same.

Carr instituted an action against the defendant on July 29, 1982, in the judicial district of Ansonia-Milford. The plaintiff had received notice of that action on October 7, 1982, but failed to intervene therein. After the present matter was transferred and consolidated with Carr's action, the defendant filed a motion to dismiss for the plaintiff's failure to comply with General Statutes § 31-293.[1]

---

[1] General Statutes § 31-293 provides in pertinent part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obli-

General Statutes § 31-293 provides in part that "such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate." The trial court granted the motion to dismiss for failure to abide by § 31-293.

"Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. *Main* v. *North Stonington,* 127 Conn. 711, 712 [16 A.2d 356 (1940)]. 'The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone.' *DeMartino* v. *Siemon,* 90 Conn. 527, 528 [97 A. 765 (1916)]." *Norwalk* v. *Van Dyke,* 33 Conn. Sup. 661, 664, 366 A.2d 554 (1976).

"General Statutes § 31-293 grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors; *Robinson* v. *Faulkner,* 163 Conn. 365, 377, 306 A.2d 857 (1972); provided that the right is exercised in a timely fashion. *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322, 325, 130 A.2d 801 (1957)." *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 323, 435 A.2d 352 (1980).

gated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate."

It is conceded that the plaintiff failed to file its application to intervene within thirty days of its receipt of notice of the institution of Carr's action. By such failure, the plaintiff's independent derivative action against the defendant; *Stavola* v. *Palmer,* 136 Conn. 670, 678, 73 A.2d 831 (1950); was abated. General Statutes § 31-293; *Olszewski* v. *State Employees' Retirement Commission,* supra. In these circumstances, the plaintiff also lost its right to intervene in Carr's action. Hence, the granting of the motion to dismiss was proper. *Ricard* v. *Stanadyne, Inc.,* supra, 323–24.

There is no error.

In this opinion the other judges concurred.