[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
ISSUE
Does the court lack subject matter jurisdiction in that the present action was initiated by service on the defendant more than thirty days after notice by Stacy Brauman's attorney of the filing of the Brauman v. Keith lawsuit?
FACTS
The plaintiff is the workers' compensation insurance carrier for C. B. Construction Company. In its complaint dated CT Page 4784 August 23, 1990, the plaintiff seeks to recover money paid on behalf of C. B. Construction as workers' compensation benefits to Stacy L. Brauman. MS. Brauman claims, in another lawsuit, (Brauman v. Keith, No. CV 89-0093378) that she sustained injuries in an October 12, 1987 automobile accident. Those injuries are also at issue in this lawsuit.
On August 15, 1989, Stacy L. Brauman's attorney sent C.B. Construction Company two written notices that the Brauman v. Keith lawsuit had been filed. Both notices were sent via certified mail, return receipt requested. The plaintiff did not move to intervene in the Brauman suit, pursuant to Connecticut General Statutes section 31-293 (a), but instead filed this separate lawsuit. Although the complaint was dated August 23, 1989, the sheriff's return of service indicates that the defendant was not served until October 6, 1989.
DISCUSSION
If the plaintiff had attempted to assert its rights by intervening in the Brauman v. Keith action, it would have been bound by the thirty day rule set forth in section31-293 (a):
 (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the CT Page 4785 name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate.
The plaintiff's decision not to move to intervene in Brauman v. Keith does not allow it to maintain this separate, yet derivative subrogation claim, because it neither intervened nor commenced suit within thirty days from the date of notice.
This issue was resolved in Police Department v. Giordano, 3 Conn. App. 450 (1985). The plaintiff employer did not move to intervene in its employees lawsuit and, more than thirty days after it received notice of that action, began an independent subrogation suit. The defendant's motion to dismiss was granted, and the Appellate Court found no error, holding that the thirty day limitation of section 31-293 (a) must be strictly construed, and that all rights to seek reimbursement of compensation payments abate after that period expires. Id., at 452-453.
This lawsuit did not begin until October 6, 1989, the date on which Mrs. Keith was served. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33 (1978). Since this date was considerably more than thirty days after the plaintiff received notice from Stacy Brauman's attorney, there can be no doubt that the Court lacks subject matter jurisdiction.
The motion to dismiss is granted.
AUSTIN, JUDGE