[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE OBJECTION TO MOTION TO INTERVENE (#124)
The plaintiff objects to the motion of his employer (the applicant) to intervene in a personal injury action brought by the plaintiff against the above captioned defendant. Intervention by the applicant is sought pursuant to Section 31-293 of the Connecticut General Statutes in order to recover workers' compensation benefits paid to the plaintiff as a result of his alleged injuries.
The statute (Section 31-293) provides in part that an employee who is a recipient of compensation benefits must notify his employer in writing of the plaintiff-employee's action against "some other person" who may be legally liable to the plaintiff for his injuries. The notice must inform the employee of the fact of the action and the court to which the writ is returnable. The employer has thirty days following such notification in which to seek to join the action as an intervening plaintiff. Should the employer fail to so act within the prescribed period, his right of action shall abate.
The applicant concedes that a letter of notice[1] from the plaintiff, dated September 18, 1987, was received in due course, along with a copy of the writ, summons and complaint. It is the applicant's claim, however, that the notice given is defective in that it does not contain the information statutorily mandated. The applicant asserts, therefore, that the 30-day notice period has not commenced to run, and no bar exists to favorable action on its November 2, 1990 motion to intervene. Lakewood Metal Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708, 710
(1967). Specifically, the applicant argues that the notice "did not state that the employee was bringing an action against a `third person' or a `third party'. It stated only that the employee was bringing an action."[2]
The plaintiff asserts that the notice given is statutorily adequate, and by its inaction the applicant has lost its right to intervene. Ricard v. Stanadyne, Inc., 181 Conn. 321, 323-24
(1980); Bruneau v. Bruneau, 3 Conn. App. 450, 453 (1985).
The applicant relies on the authority of Winslow v. Lewis-Shepard, Inc., 216 Conn. 533 (1990), in support of its position. In the view of this court, its reading of Winslow is strained in that the case does not require what is claimed. CT Page 1429
In deciding a dispute involving the adequacy of notice the Winslow court held that ". . . under Section 31-293 an employee or employer who brings a third party action must simply notify the other of two facts: 1) the fact that the action has been brought; and 2) the name of the court to which the writ in the action is returnable." p. 538. Although the first requirement has reference to a third-party action, such as here-present, the court has not suggested that any particular magic attaches to the words (third party) and did not hold that such description must appear in the notice to sustain its validity.
The instant notice describes the plaintiff as an employee of the applicant and the latter as occupying the dual role of employer and compensation carrier. The notice identifies the statute by number and, with reference to the first requirement, provides that "an action" has been commenced (underlining added). The situs of the action is also described in accordance with the second requirement.
Apart from information set forth in the complaint-copy which accompanied the letter of notice, it requires no genius, armed solely with information which the latter contains, to conclude that the action was a third-party one, brought, as the statute (Section 31-293) otherwise describes, against "some other person." The applicant, it would seem, asks the court to distort the words of the statute "in order to wring out of them a desired interpretation." Pierce v. Albanese, 144 Conn. 241, 247 (1957). To do so would, in the instant context, ignore the policy of the courts to liberally construe the worker's compensation act; Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381, 384 (1988); and produce an incorrect result.
The objection to the motion to intervene is sustained.
GAFFNEY, J.