[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION OF NUTMEG PIPING SUPPLY AND SERVICE, INC. TO INTERVENE
Plaintiffs husband and wife filed suit against the State of Connecticut seeking to recover for injuries sustained by William Johndrow (plaintiff) when a truck owned by the state and operated by a state employee, collided with plaintiff's motor vehicle. At the time of the accident, plaintiff was acting within the scope of his employment for Nutmeg Piping Supply and Service, Inc. (Nutmeg) and recovered benefits from Nutmeg pursuant to the workers' compensation law. Plaintiffs provided timely notice to Nutmeg of their action against the state by certified mail. CT Page 8359
Hartford Accident Indemnity Company (Hartford), Nutmeg's workers' compensation insurance carrier, its motion to intervene having been granted, filed an intervening complaint, and then Hartford filed a motion to substitute Nutmeg as the intervening co-plaintiff in the underlying action.
Plaintiffs then filed a motion to dismiss Hartford's intervening complaint for lack of jurisdiction over the subject matter. The court, Burns, J., granted plaintiffs' motion to dismiss, and also held that Hartford's motion to substitute Nutmeg for itself as intervening co-plaintiff was moot.
Hartford and Nutmeg appealed and the Appellate Court affirmed the trial court's judgment. Johndrow v. State,24 Conn. App. 719 (1991). The underlying action between the plaintiffs and defendant state remained.
Nutmeg then filed this motion to intervene as co-plaintiff; the plaintiffs and the defendant state having objected, the motion was heard and all parties filed memoranda of law.
 II.
An employer may join an employee's workers' compensation action against a third party as a party plaintiff within thirty days after notification to the employer of the employee's action. GeneraL Statutes Section 31-293 (a). If the employer fails to join as a party plaintiff, his right of action against such third person shall abate. Id. (emphasis supplied)
Nutmeg argues that the accidental failure of suit statute allows it to intervene because Hartford and Nutmeg's first attempt to replace Hartford with Nutmeg as intervening plaintiff was dismissed for want of jurisdiction and has not been heard on its merits.
General Statutes Section 52-592 provides in pertinent part that:
 ". . . (i)f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been dismissed for want of jurisdiction . . . the plaintiff may commence a new action for the same cause at any time within one year after CT Page 8360 the determination of the original action."
The accidental failure of suit statute is to be given a liberal interpretation. Isaac v. Mount Sinai Hospital,210 Conn. 721, 728 (1989).
The Isaac case involved a plaintiff who mistakenly alleged that she was appointed administratrix of her decedent's estate in a wrongful death action, which although commenced in a timely matter, was dismissed for lack of jurisdiction because the plaintiff was not, in fact, the decedent's administratrix of the decedent's estate, and the plaintiff refiled the action under Section 52-592. The Isaac court held that the plaintiff's first suit was precisely the type of action that Section 52-592 was intended to save, and that total identity of the parties was not a prerequisite to application of the statute. However, the court also said that it could not conceive of a closer identity of interest than that found in the case, and that the plaintiff, purported and actual, was in fact, the same.
Nutmeg argues that since Hartford had timely moved for and been granted permission to intervene, and since Nutmeg's interest is identical to that of Hartford, then the holding of Isaac v. Mount Sinai Hospital, supra, would allow Nutmeg's cause of action to be saved under General Statutes Section 52-592. The difficulty with this argument is that the employer, Nutmeg, and insurance carrier, Hartford, do not always have identical interests in workers' compensation matters. See, however, Barrette v. Travelers Ins. Co.,28 Conn. Sup. 1 (1968) (Grillo, J.). See also Bartolotta v. United States, et al, 276 F. Sup. 66, 72 (1967). Aff'd.411 F.2d 115 (1969) (2d Cir.). In Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381 (1988); cert. den. 209 Conn. 813
(1988), a plaintiff employee gave timely notice of his lawsuit to the employer's workers' compensation insurance carrier, but never gave notice to the employer.
Even though the insurance carrier in Misiuka may have actually paid out the benefit for which the plaintiff's employer sought reimbursement, and therefore was the real party in interest, the court held that notice to an employer's insurance carrier does not constitute notice to the employer, for the purpose of Section 31-293 and allowed the employer to intervene after the 30-day time period. The court said at page 384:
 "The statute does not provide that notice may be served on the employer's insurance carrier in lieu of serving CT Page 8361 notice on any employer. . . . (Section 31-293) is plain and unambiguous, leaving no room for construction. `Accordingly, we cannot by construction read into this statute a provision . . . not clearly mandated therein. . . . (Section 31-293) must be applied as its words direct.' Lerman v. Levine, 14 Conn. App. 402, 409, 541 A.2d 523 (1988)."
When the intervening plaintiff (Hartford) and Nutmeg appealed to the Appellate Court from the trial court's dismissal of the intervening complaint and the motion to substitute Nutmeg for its compensation carrier, that court strongly affirmed this concept holding that:
 "An insurance carrier does not constitute an employer for the purposes of intervention within the meaning of General Statutes Section 31-293. McClendon v. Soos, (18 Conn. App. 614). Accordingly, (Hartford) does not constitute an employer under Section 31-293 and never had a right to intervene in this action. It had no standing to pursue any cause of action under this section, or to file any motions pertaining thereto. (citation omitted).
 By failing to move for intervention in a timely fashion, Nutmeg also lost any right it may have had to intervene in this action. Once statutory notice has been given by the employee to the employer, the employer has thirty days to intervene or `his right of action against such third person shall abate.' (emphasis in original) General Statutes Section 31-293 (a). `Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential.' (citation omitted) Nutmeg did not move to intervene in this action within thirty days of receiving notice of the suit. Accordingly, it lost its right to intervene."
Johndrow v. State, 24 Conn. App. 719, 721-722 (1991).
It should be noted that in its original complaint, Hartford alleged that it was subrogated to the rights of its CT Page 8362 insured, Nutmeg, to recover the benefits paid to the plaintiff under the workers' compensation act. Despite this allegation that Hartford was in effect the real party in interest, the Appellate Court strictly applied Section 31-293.
Section 52-592 (d) provides in pertinent part:
"The provisions of this section shall apply. . . . to any action between the same parties or the legal representatives of either of them. . . ." Nutmeg is not the legal representative of Hartford, nor was Nutmeg ever made a party in the trial court, the motion to be substituted for Hartford as a plaintiff having been dismissed as moot.
Even if the saving statute, Section 52-592, can be construed expansively as applicable to an accidental failure of an employer to intervene under Section 31-293, which is not necessary to decide here, Section 52-592 simply does not apply to Nutmeg under the circumstances of this case.
Section 52-592 cannot be read to include Nutmeg, a subrogor, in the definition of "the same parties or their legal representatives" where the action was originally commenced by its workers' compensation insurance carrier. The Court cannot insert terms in a statute which are not there. "Where as here, the language of the statute is clear and unambiguous, courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so." Simko v. ZBA,205 Conn. 413, 418 (1987).
Accordingly, Nutmeg's motion to intervene is denied.
TELLER, J.