[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The intervening plaintiff, Preston Trucking Inc., (Preston) CT Page 4172 has moved to strike a special defense plead by the defendant, Insulation Material Products Corp. That special defense alleges that Preston failed to intervene in the lawsuit within the time allotted by 31-293 C.G.S. and that its asserted cause of action against the defendant has therefore abated.
In its intervening complaint, Preston alleges that it provided and will provide the plaintiff, Gary Birdsall, with worker's compensation benefits and that it seeks to recover its payments from the defendant pursuant to 31-293 (a) C.G.S.
Preston argues that when Judge Reilly granted its motion to intervene as a plaintiff he implicitly found that the intervention was timely. Preston therefore maintains that the defendant's special defense ignores the law of the case.
Judge Reilly granted Preston's motion to intervene without a written decision, and there is no indication that he adjudicated the issue of the timeliness of the intervention. While the court may deny motions to intervene for noncompliance with 31-293 (a), See, e.g., Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485
(1987), the granting of a motion to intervene does not conclusively establish the intervening plaintiff's right to assert a claim.
Intervening complaints filed pursuant to 31-293 (a) C.G.S. are amenable to motions to strike and motions to dismiss. (See Johndrow v. State of Connecticut, 24 Conn. App. 719 (1991), in which the motion to intervene of worker's a compensation insurer was granted and its intervening complaint was then dismissed because 31-293 (a) provides for intervention only by the employer, not its insurer.)
The defendant clearly has standing to raise the abatement of the intervening plaintiff's claim. That claim is, pursuant to31-293 (a) C.G.S., a claim against the defendant for reimbursement of monies paid to plaintiff Birdsall. If the intervening complaint is found to have been untimely filed, the employer's claims will have abated pursuant to the terms of 31-293 (a), Skitromo, supra.
Standing concerns the right of a party to "set the machinery of the courts in operation." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). Since the intervening plaintiff's compliance or noncompliance with 31-293
(a) determines whether it does or does not have the right to seek money damages against the defendant, the defendant plainly has the sort of interest necessary to put before the court the issue of compliance. CT Page 4173
While the defendant's challenge to the intervening complaint could well have been raised by a motion to dismiss, see, e.g. Johndrow, supra, the intervening plaintiff has failed to provide any convincing reason why the issue of the abatement of its claim cannot be raised by a special defense.
The motion to strike the defendant's special defense if denied.
BEVERLY J. HODGSON, JUDGE