[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas Speer, objects to a motion (#106) filed by his employer seeking to intervene in the plaintiff's personal injury suit CT Page 9433 against the defendants, Lee Miller, et al.
This action began on January 21, 1992. On June 5, 1992 the plaintiff's employer, Elderly Housing Management, Inc., moved to intervene pursuant to General Statutes 31-293. This statute provides that if an employee who is receiving workers' compensation from his employer for injury incurred within the scope of his employment commences an action against a third party tortfeasor he shall forthwith notify his employer "in writing, by personal presentation or by registered or certified mail of such fact and of the name of the Court to which the Writ is returnable."
Plaintiff sent a written notice on January 22, 1992 addressed to "Lynn Higgins, Administrator, Ogden House, 100 River Road, Wilton, CT 06897." Mr. Speer worked at Ogden House, a geriatric institution, located in Wilton. However, his contract of employment dated June 5, 1989 clearly indicates that his employer is "Elderly Housing Management, Inc., with a principal place of business at 165 Clintonville Road, North Haven, Connecticut." In addition, section 12 of this employment agreement states that any notice required or given under the contract should be sent in the case of the employer to its principal office.
Plaintiff contends that he was working at Ogden House and that several documents involving workers' compensation refer to Ogden House as his employer or in several cases to an entirely different purported employer,
I think it is clear, however, that the plaintiff's employer was Elderly Housing Management, Inc., and that in order to comply with General Statutes31-293 notice had to be given to that employer in North Haven, and that notice sent to his place of employment in Wilton at Ogden House does not comply with the statute. As was said in Gurliacci v. Mayer, 218 Conn. 531,578, 590 A.2d 914 (1991), "An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with 31-293 [cannot] be barred from intervening by the passage of time which this statute prescribes, because, until notice is given, the time does not begin to run." To the same effect is Johndrow v. State, 24 Conn. App. 719,722, 591 A.2d 815 (1991)("[w]here a cause of action has been created by statute, strict compliance with the prescribed procedures has been deemed essential.")
Accordingly, the notice requirement of that statute was not met, and the thirty day period in which to intervene was not triggered by the notice sent to Ogden House.
It follows, therefore, that Elderly Housing Management has the right to intervene and that plaintiff's objection thereto is denied. CT Page 9434
So Ordered.
Dated at Bridgeport, Connecticut, this 16th day of October, 1992.
William B. Lewis, Judge