[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE AS CO-PLAINTIFF
The plaintiff in this action is an employee of Laidlaw Transit, Inc. The complaint in this action alleges that the plaintiff was injured when operating a school bus which collided with a motor vehicle owned by the named defendant and operated by its employee. This action was commenced on November 19, 1992, returnable to this court on January 12, 1993. A certified letter dated April 2, 1993 was sent by the attorneys the plaintiff to Laidlaw Transit and was received on May 4, 1993. Laidlaw Transit, Inc. [Laidlaw] filed a motion to intervene as a co-plaintiff on June 23, 1993. The named plaintiff has filed an objection to the motion to intervene, claiming that it should not be granted because it was not filed within 30 days of notice of the action as required by 31-293(a) of the General Statutes.
The statute provides in part that "if either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within 30 days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate." The statute gives an employer who has paid worker's compensation a right to join as CT Page 9019 a party plaintiff in actions by employees against third party tortfeasors, provided that right is exercised in a timely manner. Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537; Ricard v. Stanadyne, Inc., 181 Conn. 321, 323. Since this cause of action has been created by statute, strict compliance with the provisions in it are essential. Johndrow v. State, 24 Conn. App. 719, 722. The statute provides that if an employer or employee who is properly notified of a third party action fails to intervene in the action as a party plaintiff within 30 days from notification, "his right of action against such third person shall abate." (Emphasis added). Skitromo v. Meriden Yellow Cab Co.,204 Conn. 485, 489. Accordingly, where an employer does not file a motion to intervene within 30 days of receiving notice of the employee's action, the right is lost, and an objection to intervention goes to subject matter jurisdiction which must be decided by the court when raised. Johndrow v. State, supra, 722. An objection can be raised and acted upon by denial of a motion to intervene, Ricard v. Stanadyne, Inc., supra; Winslow v. Lewis-Shepard. Inc., supra, 533, 541; by a motion to dismiss a subsequent, separate action of the employer, Police Department v. Giordano,3 Conn. App. 450; or by a motion to dismiss the intervening complaint, even though the court previously granted a motion to intervene. Johndrow v. State, supra, 720-722. The claim of lack of timely intervention can also be raised in subsequent worker's compensation proceedings between the employer and employee. Skitromo v. Meriden Yellow Cab Co., supra.
In this case the letter from the named plaintiff's attorney to Laidlaw Transit was mailed to its business office at 500 Monroe Turnpike, Monroe, Connecticut. The letter was received by an employee of Laidlaw at that address on May 4, 1993, as appears from the certified mail receipt filed with the court as an exhibit. Laidlaw argues that the notice was sent to the wrong address since the plaintiff employee worked out of a vehicle storage facility at 65 Commerce Street, Fairfield, Connecticut. The content of the notice complied with the statute because it identified the action in the court to which it was returnable. In addition it gave the docket number, return date, the specifics of the claim, and gave formal notice that the employer had "30 days to join the action as a party plaintiff, and that if the employer fails to do so, the right of action of the employer against such third party shall abate."
The statute does not specify at what address the employer should be notified, but only requires notice in writing which is to CT Page 9020 be personally delivered or given by registered or certified mail. The notice here was given to the employer's main business office. It is unnecessary to determine whether notice given to the employer at some other address where the employer has an office or does business would be sufficient. The statute does not require notice to the employer at the location where the employee works, so it is not appropriate to add such a requirement by implication to the statute. As noted in Winslow v. Lewis-Shepard, Inc., supra, 540, the courts should not read additional notice obligations into the terms of the statute merely because the employer deems such notice of particular facts necessary for it to exercise its right to intervene in a timely fashion.
Laidlaw argues that because the voluntary agreement by which Laidlaw and its worker's compensation carrier, National Union Fire Insurance, agreed that the plaintiff's injuries were covered by worker's compensation listed the address for Laidlaw as 65 Commerce Street, Fairfield, Connecticut, that the employee had to give notice to that address. Laidlaw has not produced persuasive legal authority to support this argument, and Winslow v. Lewis-Shepard, Inc., supra, 540 Footnote 3 indicates that unreported Superior Court decisions which require more extensive notice than the provisions in 31-293 are disapproved.
The final claim made by Laidlaw is that the notice required by31-293(a) should have been given to Laidlaw's attorneys, who were known to the plaintiff, and that giving the notice directly to the employer by a represented party is an ethical violation. The Appellate Court has held in two cases that the statute does not provide for service of the notice on the employer's insurance carrier instead of serving it directly on the employer. Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381, 384, cert. denied209 Conn. 813; McClendon v. Soos, 18 Conn. App. 614, 617. The statute requires notice to the employer, and arguably sending the notice to the employer's attorneys, even though they are its legal representative, does not comply with the statute. [It is unnecessary to decide whether giving notice to the employer's attorney also complies with the statute because here the notice was given directly to the employer.]
Rule 4.2 of the Rules of Professional Conduct provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do CT Page 9021 so." Section 31-293(a) directs that written notice must be given to the employer of the action by the employee against the third party. The letter sent directly to Laidlaw Transit was for notice purposes only and was authorized by the statute. It is questionable whether any ethical violations occurred by failing to give the employer's attorneys notice of the action, but it is unnecessary to resolve that claim since the statute directs notice to the employer.
Finally, Laidlaw claims that it be allowed to intervene on equitable principles since the law abhors a forfeiture. The problem with that argument is that the right to intervene is created by statute, 31-293(a), and that the court has no jurisdiction to consider the claim if it is not filed within the 30 day time limit. Skitromo v. Meriden Yellow Cab Co., supra, 489; Johndrow v. State, supra, 722.
The motion to intervene is denied.
Fuller, J.