[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO INTERVENE AS CO-PLAINTIFF)
The plaintiffs, James Engle and Meredith Engle commenced an action against Suzanne Moser and James Moser for damages arising out of a pedestrian-motor vehicle accident. The complaint was dated September 16, 1992, and returnable on October 27, 1992. The plaintiffs' attorney sent a letter dated October 9, 1992 to Bob Guild, Tolland Exxon Station, Route 195, Tolland, Connecticut, 06084 notifying the addressee, pursuant to § 31-293, that a lawsuit had been instituted against the Mosers on behalf of the addressee's employee for injuries arising out of an accident on July 25, 1991, and enclosing a copy of the complaint.
The letter was sent by certified mail and the return receipt was signed on October 10, 1992. Although disputed by him, the signature is purportedly that of Bob Guild.
On June 17, 1993, the employer filed a Motion to Intervene as having Workers' Compensation liability on behalf of the plaintiff James Engle.
§ 31-293 requires that a Motion to Intervene be filed within thirty days after receipt of notice pursuant to said statute. This thirty day limitation has been strictly construed. See Winslow v. Lewis-Shepard, Inc., 216 Conn. 533 (1990); Ricardv. Stanadyne, Inc., 181 Conn. 321, 323 (1980); Police Dept. ofthe City of Ansonia v. Giordano, 3 Conn. App. 450 (1985). Indeed, the language of the statute provides the employer's right of action is abated unless the employer moves to intervene within thirty days of notice.
The employer-intervenor claims, however, that the notice was defective and, as such, the thirty day limitation does not apply, and raises several sub-issues in that regard, as follows:
1. The employer of Engles on the date of the accident was G G Service, Inc. As noted, notice was sent to Bob Guild, Tolland Exxon Station, Route 195, Tolland, Conn. The employer claims this does not satisfy the notice requirement of § 31-293. The Court disagrees.
G G Service, Inc. acting by its president, Robert J. Guild, in 1985 filed a certificate of trade name in the town of Tolland CT Page 8732 stating that it was conducting business at Merrow Road, Tolland, under the name "Tolland Exxon." (Merrow Road is the same street as Route 195). Its checks are issued under the name of G G Service, Inc., d.b.a. Tolland Exxon. It is clear that G G Service, Inc., and Tolland Exxon are one entity and that Robert (Bob) Guild as the president of G G also runs Tolland Exxon.
The Court concludes that the employer was notified that the action was brought, identified the employee, the date of the accident, and the court where the action was returnable. The notice was not defective and did comply with § 31-293.
2. The employer (Robert Guild) has submitted an affidavit attesting that the signature on the post office receipt was not his, not his wife's and not recognizable as that of his employee at that time, one Raymond Lebron. Thus he claims he did not receive the notice, and argues that without receipt of notice his Motion to Intervene is not time-barred. The plaintiff has countered with an affidavit of a handwriting expert who concluded that the signature on the post office card (purporting to be "R. J. Guild" was written by the same person who signed payroll checks issued by G G, d.b.a. Tolland Exxon, under the name of R. J. Guild.
As discussed above, notice was sent in compliance with §31-293. It is presumed that a signed post office receipt for certified mail is proof of receipt. The intervenor has failed to make an adequate showing to rebut that presumption. See Garlandv. Gaines, 73 Conn. 662 (1901); Pitts v. Hartford Life AnnuityInsurance Co., 66 Conn. 376, 384 (1895).
3. The intervenor argues that counsel for the plaintiff had an ethical obligation to protect the lien of the workers' compensation carrier and therefore, for equitable reasons, the Motion to Intervene should be granted. The attempt to shift the blame to plaintiffs' counsel appears to be misdirected. The issue here is whether or not the untimely intervention should be allowed because of defective notice. If notice is proper under the statute the movant cannot be allowed to intervene. There is no provision for allowing intervention because counsel and the insurance carrier may have had contact prior to the initiation of the lawsuit.
4. The intervenor argues that P.A. 93-228 removed the obligation of an employer to intervene and that a lien letter now will CT Page 8733 suffice to protect an employer's lien. The short answer to that claim is that the Court is addressing only the Motion to Intervene. Whether or not P.A. 93-228 is applicable to these parties is irrelevant to the motion at hand.
Conclusion
For the reasons herein discussed, the Motion to Intervene is time barred. The Court finds that the notice sent to the employer complied with the requirement of § 31-293. Therefore the Objection to the Motion to Intervene is sustained and the Motion to Intervene is denied.
Klaczak, J.