[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants Holly Putnam Associates and H. Lee Browne have filed a Motion to Dismiss this action for lack of subject matter jurisdiction for the claimed reason that the named plaintiff does not have standing. These moving defendants assert that the proper party to maintain the action is Hudson Valley Landscape, Inc., the real party in interest. Defendant Paul Kelly also filed a Motion to Dismiss on the same ground as asserted by defendants Holly Putnam Associates and Lee Browne.
The evidence presented at the hearing on the defendants' motions to dismiss verifies that plaintiff Peter G. Pergola has established himself in the landscaping business, and that he entered into an agreement with defendant Lee Browne for the rental of space at premises formerly used as a gas station. From the plaintiff's perspective the purpose of the rental was to allow his son, Peter M. Pergola, then a minor, to have a place from which to sell flowers on certain weekends. Father and son expected that the proceeds would be saved for post-secondary educational expenses. Plaintiff Peter G. Pergola claims that the defendants wrongfully locked his son out of the rental premises; thus, entitling him CT Page 13353 to maintain this entry and detainer action.
The defendants contend, inter alia, that inasmuch as the premises were leased for plaintiff's then minor son, Peter M. Pergola, this action should have been brought on behalf of or in the name of Peter M. Pergola, and not in the name of Peter G. Pergola. The defendants further claim that the plaintiff lacks standing to bring and maintain this action on behalf of his son. Father Peter G. Pergola responds by filing a Motion to Intervene his son, Peter M., as a plaintiff. The defendants assert that the absence of the plaintiff's standing deprives the court of jurisdiction to entertain this action, including the consideration of the motion to intervene. For this proposition the defendants cite the case ofJohndrow v. State of Connecticut, 24 Conn. App. 719
(1991), and quote the following from its text:
 The trial court was also correct in not considering Hartford's motion to substitute Nutmeg as intervenor. When the issue of subject matter is brought to the attention of the trial court, it must decide the question of jurisdiction before it proceeds any further with the case. (Citation omitted)
 Id. at 722.
From the evidence presented at the hearing this court finds that plaintiff Peter F. Pergola is the person who arranged the rental contract for his son, Peter M. Pergola. Making the arrangement conferred upon him a status no greater than that of an agent. As an agent, the plaintiff is not a party to the contract which conferred the possessory right at issue. The plaintiff's ability to maintain this action is as addressed in the Restatement of Agency, 2d.
 An agent who makes a contract on behalf of a principal cannot maintain an action thereon in his own name on behalf of the principal although authorized by the principal to bring suit, unless the agent is a promisee or transferee.
 Id. § 363. CT Page 13354
The Court finds that the evidence presented disallows a finding that the plaintiff is a promisee or transferee.
Accordingly, the Court finds that the plaintiff has no standing to maintain this action for his son, Peter M. Pergola. It follows that this court must and hereby does dismiss this action. Since the dismissal deprives the court of jurisdiction to consider further motions, Johndrow v.State of Connecticut, supra, the court must and hereby does deny the plaintiff's Motion to Intervene.
Clarance J. Jones, Judge