[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE STIPULATION
Plaintiff brought this negligence action by revised complaint. T S Investments Ltd. dba Temporary Labor (Intervenor) intervened. Plaintiff and defendant have attempted to settle the matter between them by payment in this action and stipulation in the Workers' Compensation, First District. Intervenor objects. Plaintiff moves for summary judgment. There is no answer on file in regard to the Intervenors complaint. Both sides have filed factual affidavits. A hearing was held and evidence taken.
Intervenor raises no questions about the amount of the proposed settlement with plaintiff or the liability in plaintiffs action. The sole issue is one of law.
Facts
The plaintiff, while employed by the Intervenor was injured in the course of his employment on June 16, 1993 when he was a passenger in a car which was struck by a motor vehicle operated by the defendant. Intervenor became obligated to pay him workers' compensation benefits.
Intervenor's workers' compensation liability coverage was per contract with ITT Hartford Insurance Group (Hartford).
Plaintiff brought this present third party action against the defendant seeking further recovery. With the court's permission, CT Page 5726 on or about July 25, 1994, Intervenor, in its own name, filed an intervening complaint pursuant to Conn. Gen. Stat. § 31-293
(a).
On or about June 16, 1995, the plaintiff's attorney, with Attorney William McGrath (McGrath) attorney for defendant, Attorney Joseph Skelly, staff counsel for Hartford, and others for Hartford allegedly negotiated a settlement agreement. This was done without first seeking Intervenor's consent. Under that agreement defendant would pay $15,000.00 to plaintiff, and the Hartford would settle the compensation claim by way of the said stipulation. Under that stipulation, Hartford noted that the third party lien for benefits paid to date amounted to $4,961.81. Also, in the stipulation Hartford agreed to pay the claimant further workers' compensation benefits of $1,340.00. That unsigned stipulation also stated: "As consideration for this stipulation, the Respondents [Intervenor and Hartford] agree to waive any and all claims for reimbursement of its [sic] lien from the third party action, and further agree to withdraw its [sic] intervening complaint upon approval of the stipulation."
In a letter dated June 28, 1995 to the plaintiff's attorneys, with a copy to the claims representative of Hartford, Mr. Kevin O'Neill (O'Neill), Safety Director of Intervenor, advised the parties that regarding the plaintiff's civil action, Intervenor would not accept any waiver or reduction of its workers' compensation lien without its prior consent, and that it specifically reserved its rights to pursue its lien under Conn. Gen. Stat. § 31-293(a). The parties to the stipulation except Intervenor specifically requested the compensation commissioner to approve it.
On June 30, 1995, the counsel for the plaintiff, a claims representative for Hartford, and a representative for Intervenor appeared for an informal hearing before the Workers' Compensation Commissioner in the First District. At that hearing, plaintiff's counsel sought the Commissioner's required approval of the stipulation, including the provision attempting to waive Intervenor's third party lien and the withdrawal of the intervening complaint. During the informal hearing Intervenor specifically objected to the approval of the stipulation because of the provisions stating that it must waive its workers' compensation lien on any third party recovery, and it must withdraw its intervening complaint. The Commissioner did not approve the stipulation. The stipulation document has never been CT Page 5727 signed by the plaintiff Intervenor, Hartford or any Workers' Compensation Commissioner.
On June 30, 1995 Hartford issued to the plaintiff a check for $1,380.00 which is the allegedly stipulated sum plus $40.00. The notation from the Hartford's records is that this is an advance towards the stipulation.
On August 16, 1995, again the plaintiff attempted to obtain the Workers' Compensation Commissioner's approval of the stipulation. At the hearing, Intervenor again asserted its objection to the stipulation provision requiring the waiving of Intervenor's lien in the third party action. The Workers' Compensation Commissioner did not approve the stipulation.
Hartford on August 16, 1995, issued to the plaintiff a check for $2,000.00 and charged the sum against Intervenor's workers' compensation account in the Nesmith matter labeling the amount "advance on settlement." Two days later, on August 18, 1995, Attorney Skelly withdrew his appearance on behalf of Intervenor.
On December 7, 1995, Hartford issued to the plaintiff, and charged against Intervenor's workers' compensation account, the additional sum of $1,000.00.
The questions are, (1) May the workers' compensation insurance company settle the claim against the employee, and (2) if so, may it require its employer to waive any lien on the possible civil action proceeds?
Law
The statute, C.G.S. § 31-293(a) reads, in pertinent part, as follows:
 Conn. Gen. Stat. § 31-293(a) Liability of third persons to employer and employee. (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person . . . a legal liability to pay damages for the injury, . . . the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may CT Page 5728 bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. . . . If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. The rendition of a judgment in favor of the employee or the employer against the third party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with the third person by either the employer or the employee shall be binding upon or affect the rights of the other, unless assented by him. For the purposes of this section, the claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of the injury.
Intervenor claims that this language provides that only the employer may intervene in a third party action such as this. Plaintiff and defendant both, in effect, respond that the language of the insurance contract between the Intervenor and Hartford gives Hartford the absolute right to settle all first and third party claims against Intervenor. That language is as follows: "G. Recovery from Others. We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them." CT Page 5729
The Intervenor answers that argument by pointing to the contract's section H part 6 which is as follows: "Terms of this insurance that conflict with the workers' compensation law are changed by this statement to conform to that law."
The trouble is all of that is irrelevant. We are not talking about the Hartford using its contract or possible statutory rights to intervene in the third party action.
It is true that Hartford does not stand in the shoes of Intervenor under C.G.S. § 31-293(a). Johndrow v. State,24 Conn. App. 719, 721. But Hartford is not in the lawsuit, it only attempts to settle the workers' compensation part of it. That authority it has under the contract of insurance.
It would appear that the trouble with Intervenor's logic about the concept that the insurance company cannot waive Intervenor's rights is found in the ultimate sentence of C.G.S. § 31-293(a) which limits an employer's claims to the compensation paid plus an amount equal to the present worth of any probable future payment which employer has by award become obligated to pay. Thus the maximum that Intervenor may ever expect to receive in this action is the compensation it paid plus the worth of any probable future payments it must make. The first part of that expectancy is zero because it has paid nothing to date. The second part is also zero because it is not presently obligated to pay any future payments by virtue of any award.
Intervenor cannot expect to receive any reimbursement from the third party tortfeasor based on possible future increases in workers' compensation insurance premiums as that harm "is simply too remote to be chargeable to the defendant third party tortfeasor. RK Construction, Inc. v. Fusco Corp., 231 Conn. 381,388.
The answers to our two questions are, (1) Yes, the workers' compensation insurance contract gives Hartford the full right to require Intervenor to "do everything necessary to protect [Hartford's] rights [to recover its payments from anyone liable for the injury] for us and to help us to enforce them." As to question (2) Hartford can require Intervenor to waive its rights for the reasons that the insurance contract permits it and Intervenor has no real rights to waive. What the stipulation requires Intervenor to do is "waive any and all claims for reimbursement for its lien from the third party action and CT Page 5730 further agree [sic] to withdraw its intervening complaint." Intervenor has no lien therefore it loses nothing by cooperating in waiving it. If it has no lien and has waived any possible lien the withdrawal of its intervening complaint costs it nothing. Both acts are mere mechanical gestures which may be demanded by Hartford pursuant to the insurance contract.
When the compensation commissioner approves the stipulation Intervenor will have no further workers' compensation exposure to plaintiff because the stipulation specifically makes it "a full and final settlement and that it is intended to deal with any and all conditions, known or unknown, which exists as the date hereof, or any changes or conditions which may arise in the future on account of the alleged injuries and conditions resulting from his employment with the employer-respondent."
There are no genuine disputes in regard to material facts. Motion for summary judgment is granted.
Norris L. O'Neill State Judge Referee