[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 I
On or about January 6, 2000, the defendant, Aldin Associates Limited Partnership ("Aldin LP"), applied to the defendant Branford Planning 
Zoning Commission ("the Commission") for a special exception and site plan approval to operate a gasoline station on property owned by the defendant Aldin Branford Holdings, LLC, and known as 364 East Main Street in the Town of Branford. A public hearing on said application was held on February 17, 2000 and on March 16, 2000 the Commission approved said application, with conditions. Notice of said approval was published on March 22, 2000.
By service of process commenced on April 4, 2000, the plaintiff, M. K. Investment Corporation ("M.K."), appealed the Commission's decision to this Court, claiming the Commission, in granting said approval, acted illegally, arbitrarily and in abuse of the discretion vested in it. M.K. claimed it was, as owner of property designated as 375 East Main Street, aggrieved, in that its property was within 100 feet of the Aldin property, and in that M.K. was specially and injuriously affected by the Commission's decision. On August 22, 2000, the Commission filed its Answer and, on August 29, 2000, its Return of Record.
On September 13, 2000, counsel for the plaintiff filed a Motion to Substitute Party Plaintiffs, indicating in the body of the motion that the original named plaintiff, M.K. Investment Corporation was no longer the record owner of the property, 375 East Main Street. The movant asked the Court to allow Stanley Jacobs, Caroline Jacobs and Natalie Jacobs, purported owners of property designated as 377 East Main Street, to be substituted as party plaintiffs.
On September 19, 2000, the defendant, Aldin LLP, filed a Motion to Dismiss for Lack of Aggrievement., claiming the named plaintiff, M.K., CT Page 14424 having conveyed all its right, title and interest in the subject property, lacks standing to maintain the instant appeal. On October 2, 2000, the Aldin defendants filed an Objection to Motion to Substitute Parties' Plaintiff. A hearing on the Motion to Dismiss was held on November 1, 2000. For reasons stated below, the Court will grant the defendants' Motion to Dismiss.
 II
The issue of standing implicates the court's subject matter jurisdiction, Mobil Oil Corporation v. Zoning Board of Appeals,35 Conn. App. 204, 207 (quotation marks, omitted). The focus is on whether one is a proper party to request adjudication of the issues, rather than on the substantive rights of the aggrieved parties. Id (citation omitted). When the issue of subject matter jurisdiction is brought to the attention of the trial court, it must decide the question of jurisdiction before it proceeds any further with the case, Johndrowv. State, 24 Conn. App. 719, 722 (citation omitted).
General Statutes, S. 8-8 (b) provides that any person aggrieved by any decision of a board may take an appeal to the superior court. Such an appeal, however, must be timely. S. 8-8 (b) reads in pertinent part, "The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published . . ." `Where a cause of action has been created by statute, strict compliance with the prescribed proceeding has been deemed essential." Johndrow v. State, supra, at 722.
It is undisputed that the plaintiff, M.K. Investment Corporation, has conveyed all right, title and interest in its property to a successor, JAI SAI, LLC. While a successor in interest might move to intervene, claiming a "transfer" to it of M.K.'s claim of aggrievement, Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 345. the said successor has elected not to move to intervene. Rather, we have three individuals, claiming an interest in another property, seeking to be substituted as parties plaintiff. Assuming the said movants had standing to appeal the Commission decision at issue, they failed to so within the statutory time limit established by General Statutes, Section 8-8 (b).
Moreover, during the pendency of this appeal, the movants Jacobs failed in timely fashion to move to intervene in said appeal.
Only when the plaintiff, M.K., relinquished its interest in the property it claimed gave it standing to pursue this appeal, did the movants Jacobs file their motion to substitute party plaintiffs. CT Page 14425
The movants Jacobs failed in timely fashion to assert whatever rights they might have had to appeal the Commission's action.
The sole reason offered in support of said motion was, "the original named plaintiff, M.K. Investment Corporation, is no longer the record owner of the property owned at the time this action was commenced." See "Motion to Substitute Party Plaintiffs", #104. This is not a basis for granting said motion; rather it is a basis only for finding that the plaintiff, M. K., no longer has standing to pursue this appeal.
 III
Having relinquished all right, title and interest in 375 East Main Street, the plaintiff M. K. Investment Corporation has no standing to pursue this appeal.
JAI SAI, LLC, M.K.'s successor in interest has elected not to seek intervention to pursue this appeal.
Accordingly, the defendant, Aldin Associates, LLP's, Motion to Dismiss is granted and a judgment of dismissal may enter.
 By the Court, Downey, J